Southern District of Illinois

Walter Thompson, Floyd Parker,
LaKethae Robinson, Jermaine Murphy, Direak Calhoun,
Plaintiffs,
v.

Case No.
Judge    22-438-NJR

IDOC, Rob Jeffreys, Daniel Monti, A. Walker,
LT. Hicks, LT. Banks, LT. O Quendo, LT. Dunning,
LT. Johnson, LT. Browning, Sgt. Sams, Sgt. Sullivan,
Kim Johnson, B. Allard, Ryan Kilduff, Margaret, Sgt. Hutchinson
Madole, DeAnna Kink, Debbie Knauer (ARB), Horn, Pinol, IA Moore,
Kwiatkowski, Schlatmann, Hall, Jesse, John Doe (1-4-22), Miles,
B. Hilemann, John Doe Food Sup, Woodward, John Doe (12-26-21), White,
Brim, Jane Doe (1-1-22), Nurse Doe(1-2-22), John Doe (12-31-21),
Sparks, Jane Doe (1-12-22), A. Davis and Nurse Hillary. All sued in
their official and Individual Capacities,
Defendants.

Jury Trial Demanded

Civil Rights Complaint, Pursuant to 42 U.S.C 1983 (State Prisoner)

## Jurisdiction & Venue

Jurisdiction is proper, Pursuant to 28 U.S.C § 1331, a Civil action arising
Under the United States Constitution or other Federal law.
Venue is proper Under 28 U.S.C § 1391 (b) (2) because a Substantial part
of the events or omissions giving rise to Claim(s) occurred in this District.

Parties

Plaintiff: Walter Thompson # B05177 Shawnee Correctional Center
6665 State Rte 146 East, Vienna, Illinois 62995
Plaintiff: Floyd Parker # Y13136 Shawnee Correctional Center
Plaintiff: Jermaine Murphy # B3589 Shawnee Correctional Center
Plaintiff: Lakethae Robinson #????? Shawnee Correctional Center
Plaintiff: DiYonte Calhoun # M28853 Shawnee Correctional Center

## Defendants

Defendant #1: Rob Jeffreys, is the Director of Illinois Department of Corrections (IDOC) office is Head Quarters at P.O. Box 19277, 1301 Concordia Court, Springfied, Illinois, 62794-9277 As Director of IDoc Appointed By Governor JB Pritzker, Pursuant to 730 ILCS 5/3-2-3 Director; Appointment; Powers and Duties. Defendant Jeffreys who acts under the color of State law is employee by an agent of IDOC. He is responsible for overseeing the managements and operation of IDoc, and for hiring, Screening, training, retention, supervision, discipline counseling and control of the personnel hired to work IDOC facilies and apply the U.S. Constitutional liberties For IC (Individuals in Custody) housed in IDOC Prisons and facilities. Jeffreys is the final Policy maker for IDOC. He is sued in his individual and official Capacities.

Defendant #2: Daniel Monti, is the CAO (chief Administration Officer) also known as the Warden at Shawnee Correctional Center (SCC) located at 6665 State Rte 146 East, Vienna, Illinois 62995. As CAO of SCC, Defendant Monti is appointed Warden by Director Jeffreys. As CAO, Defendant Monti, act under the color of State law, Monti is employeed by and an agent of IDOC and responsible for hiring, screening, training, retention, supervision, discipline, counseling, and control of the Personnel hired to work at SCC and apply U.S. Constitutional liberties for IC housed at SCC. Monti is sued in his

Official and individual Capacities.

Defendant #3: A. Walker is the Assistant (Asst.) Warden of programs at SCC, appointed by Director Jeffreys. As an Asst. Warden, Walker Acts under the Color of State law is employed by an agent of IDOC. Defendant Walker as as Asst. Warden is responsible for hiring screening, training, retention, supervision of programs that ensure the education, Health, Safety of IC and apply U.S. Constitutional liberties for IC housed at SCC. Defendant Walker is sued in her official and individual Capacities.

Defendant #4: LT. (Lieutenant) Hicks, Acts under the Color of State law is employed by IDOC as a LT. at SCC. As a LT. Hicks is only Subordinate to the Majors, Wardens and the Director(s). LT. Hicks is a Superior to the Sgts. (Sergeants) and C/o's (Correctional Officers) Whom employment Consist of ensuring the Health, Safety and Security of IC housed at SCC. Defendant Hicks is sued in his official and individual Capacities.

Defendant #5: LT. Quendo is a Supervisor at SCC, Who Acts under the color of State law is employed by IDOC as a LT. LT. Quendo Position is the same as LT. Hicks. LT. Quendo is sued in his Official and individual Capacities.

Defendant #6: LT. Johnson is a Supervisor at SCC, Who Acts Under the Color of State law is employed by IDOC as a LT. LT. Johnson Position is the same as LT. Hicks. LT. Johnson is sued in his official and individual Capacities.

Defendant #7: LT. Dunning is a Supervisor at SCC, Who act under the Color of State law is employed by IDOC as a LT. LT. Johnson Position is the Same as LT. Hicks. LT. Dunning is sued in his Official and individual Capacities.

Defendant #8: LT. Browning, is a Supervisor at SCC, Who Acts Under the Color of State law is employed by IDOC as a LT. LT. Browning Position is the Same a LT. Hicks. LT. Browning is sued in his official and individual Capacities.

Defendant #9: LT. Banks, is a Supervisor at SCC, Who Acts under the Color of State law is employed by IDOC. LT. Banks is head of SCC Internal Affairs, ensuring any and all rules and regulations are followed. LT. Banks as an Internal Affairs (IA) LT. is to investigate all Employee misconduct that threatens to Safety and Security of SCC including but not limited to Sexual Assaults, Excessive Force and over all Conduct that under minds rules that are established by IDOC Executive Authority in relations to Staff misconduct.

Defendant #10: Sgt. (Sergeant) Sullivan is a Supervisor at SCC, who Acts under the Color of State law is employed by IDOC. Sgt. Sullivan oversees C/Os Functions and ensures the health Safety and security of IC. Sgt. Sullivan is subordinate to Lieutenants on up to the Director. Defendant Sullivan is sued in his Official and individual Capacities.

Defendant #11: Sgt. Hutchinson is a supervisor at SCC, who Acts under the Color of State law is employed by IDOC. Sgt. Hutchinson has the same Position and functions as Sgt. Sullivan. Defendant Hutchinson is sued in his official and individual Capacities.

Defendant #12: Sgt. Sams is a supervisor at SCC, who Act under the Color of State law is employed by IDOC. Sgt. Sams has the same Position and functions as Sgt. Sullivan. Defendant Sams is sued in his official and individual Capacities.

Defendant #13: Intel C/O Horn is an Intelligence Correctional officer, Who Acts under the Color of State law is employed by IDOC. Horn as an Intel C/O, Position is to investigate any and all threaten to SCC Security and to detect illegal activities that may occur at SCC. Horn is sued in his

4

Official and Individual Capacities.

Defendant #14: Defendant Pinds is an Intel C/o at SCC, Who Acts under the Color of State law, Pinds Position and Functions the same as C/o Horn. Pind is sued in his individual and official capacities.

Defendant #15: IA C/o Moore is an IA C/o at SCC, Who Acts under the Color of State law. As an IA C/o, Moore investigates any and all forms of staff misconduct and secure the Health, safety and security of IC. Defendant Moore is Sued under his Official and individual Capacities.

Defendants #16: Cassandra Kwiatkowski, is a Wexford employee at SCC, hired to assist MHP (Mental Health Professionals), Cassandra Kwiatkowski is bound by and Act under the Color of State law, working at SCC, which is a Government operated facility, as a Wexford employee, Kwiatkowski is to ensure the Mental Health, physical Health & Safety of IC.

Defendant #17: Nurse Jane Doe (1-2-22 & 1-3-22) is a Health Care Employee (HCE) at SCC, who is bound by and Act under the Color of State law working at SCC, as an HCE, Nurse Doe is to ensure IC receive medication (s), to assist with the Health & Safety of IC, Nurse Doe is sued in her individual and official Capacities.

Defendant #18: Nurse Hillary is a HCE (Health Care Employee) at SCC, who is acting under the Color of State law and has the same Position (s) and functions as Nurse Doe, Nurse Hillary is sued in her Official and individual Capacities.

Defendant #19: Kim Johnson is a G/o (Grievance Officer) at SCC, who acts under the Color of State law, as a G/o, Johnson Job is to investigate Grievance issue (s)

5

determine if the issue(s) that are submitted through the Grievance Procedures have Merit, Which a timely review by the G/o is important to avoid losing pertinent documents, information, recollection of incidents by Witnesses, etc. G/o are to timely investigate, to prevent the issue(s) Grieved do not become meaningless if Corrective action cannot be Initiated, nullifying the process. Grievance(s) deemed as Emergency Grievances (EG) by The CAO is to receive expedite review and response.

Defendant #20: B. Allard, is a G/o at SCC, acting under the Color of State law, B. Allard has the same position included but not limited to Kim Johnson, B. Allard is sued in his official and individual Capacities.

Defendant #21: Ryan A. Kilduff, is a memeber of IDOC's ARB (Administration Review Board) located at IDOC Head Quarter's office at P.O. BOX 19277, 1301 Concordia Court, Springfield, Illinois 62794 - IDOC's springfield office, As a memtber of the ARB, Kilduff, act under the Color of State law. Kilduff is employed to ensure the Administration(s) Within IDOC are affording IC rules and regulation, as well as Illinois State and U.S. Constitutional liberties, ensuring issue(s) that are Merit receive impartial and proper review, Granting IC a Hearing before the ARB that evidence Merit and or make decision directing IDOC Administration(s) are Guarantee the Health safely and Security of IC, Mitigating imminent risk and or harm to IC.

Defendant #22: DeAnna Kink, is employed by and a member of IDOC's ARB, acting under the Color of State law. Defendant Kink function as a member of the ARB is the same as defendant Kilduff. Defendant Kink is sued in her official and individual Capacities.

Defendant #23: Margaret Madok, is employed by and a member of IDOC's

6

ARB, located at IDOC's Springfield office, as a member of the ARB, Madole act under the color of state law. Defendant Madole function as a member of the ARB is the same as defendant Kilduff, defendant Madole is sued in official and individual Capacities.

Defendant #24: Debbie Knauer, is employeed by and a member of IDOC's ARB, located at IDOC's Springfield office, as a member of the ARB, Knauer acts under the color of state law. Defendant Knauer function as a member of the ARB is the same as defendant Kilduff, defendant Knauer is sued in official and individual Capacities.

Defendant #25: C/O Schlatmann, is a Correctional Officer (C/O) at SCC, Defendant Schlatmann, Acts under the color of state law. As a C/O, Schlatmann is a sworn employee, pursuant to AD'S (Administrative Directives) to obey all Federal, State and local laws, Shall comply with department rules, written procedures, bullentins, written and verbal orders issued by proper authorities. Ensure IC are properly counted for, as well as check on the Health, safety and security of IC, Defendant Schlatmann is sued in her official and individual Capacities.

Defendant #26: Jesse, is a C/O at SCC, Acting under the color of state law and bound by the same obligations as C/O Schlatmann, Jesse is sued in the same Capacities.

Defendant #27: Hall, is a C/O at SCC, Acting under the color of state law and bound by the same obligations as C/O Jesse, Hall is sued in the same Capacities.

Defendant #28: Jane Doe (1-1-22) is a C/O at SCC, Acting under the color of state law, bound by the same obligations as C/O Jesse, Doe is sued in the same Capacities.

Defendant #29: John Doe (12-26-21), is a c/o at SCC, Acting under the Color of state law, bound by the same obligations as c/o Jesse, Doe is sued in the same Capacities.

Defendant #30: John Doe (1-4-22), is a c/o at SCC, Acting under the Color of state law, bound by the same obligations as c/o Jesse, Doe is sued in the same Capacities.

Defendant #31: John Doe (12-31-21), is a c/o at SCC, Acting under the Color of state law, bound by the same obligations as c/o Jesse, Doe is sued in the same Capacities.

Defendant #32: Jane Doe (1-12-22), is a c/o at SCC, Acting under the Color of State law, bound by the Same obligations as c/o Jesse, Doe is sued in the Same Capacities.

Defendant #33: Miles, is a c/o at SCC, Acting under the Color of State law, bound by the same obligations as c/o Jesse, Miles is sued in the same Capacities.

Defendant #34: Woodward, is a c/o at SCC, Acting under the Color of State law, bound by the same obligations as c/o Jesse, Woodward is sued in the same Capacities.

Defendant #35: R.Hilemann, is a c/o at SCC, Acting under the Color of State law, bound by the same obligations as c/o Jesse, Hilemann is sued in the same capacities.

Defendant #36: Sparks, is a c/o at SCC, Acting under the Color of State law, bound by the same obligations as c/o Jesse, Sparks is sued in the same Capacities.

Defendant #37: White, is a c/o at SCC, Acting under the Color of State law, bound by the same obligations as c/o Jesse, White is sued in the same Capacities.

Defendant # 38: Brim, is a c/o at SCC, Acting under the color of state law, bound by the same obligations as c/o Jesse, Brim is sued in the same Capacities.

Defendant # 39: A. Davis, is a c/o at SCC, Acting under the color of state law, bound by the same obligations as c/o Jesse, Davis is sued in the same Capacities.

Defendant #40: IDOC (Illinois Department Of Corrections), is an entity of the States of Illinois, IDOC is Funded by Illinois Tax Payers and regulated by Illinois Legislator (General Assembly). IDOC, house(s) IC mainly From Cook, County, Illinois and various cities and counties through out the state of Illinois, Which IC are under IDOC custody serving state sentences, For Conviction(s) in Illinois. As an Illinois State Agency, IDOC, Acts under the color of state law. Pursuant to the UCC (Unified Code of Corrections) 730 ILCS 5/1-1-2 Purpose (c) is to prevent arbitrary or oppressive treatment of persons adjudicated offenders or deliquents; (d) and restore offenders to useful citizenship. IDOC is to provide Health Care, Mental Health, Safety and sanitation, Safety and securities from substantial risk and or harm — clothing, clean and sanitized environment(s), drinking water, bedding, Ventilation Of air and heat adequate to the Season(s), IDOC is sued in its official Capacities and Monell Liabilities, in relations to IDOC policies and custom's enabling its agency and employees to act with deliberate indifference to A Class of IC and Plaintiff's U.S. Constitutional liberties — Monell V. Dept' of Soc. Servs, 436 U.S. 658 (1978).

Litigation History

I Never Received A Strike Against Me In Court Nor Failed Merit Review

9

# Federal Complaints
## 42 U.S.C § 1983

1. Name of Case: Thompson Y. Gale #00-CY-3303

2. Claim Made: Due Process Violation at Disciplinar Hearing Claims

3. Disposition: Bench Trial - Verdict For defendant


1. Name of Case: Thompson Y. Burowsk, et al #16-CY-2390

2. Claim Made: 1st Amendment Freedom Of Religion claims

3. Disposition: Thompson Y. Bukowski #18-3009 (7th Cir 2020) Summary Judgment Affirmed on Appeal


1. Name of Case: Thompson Y. Bukowski, et al #17-CY-2169

2. Claim Made: 14th Amend - Excessive Force - Inhumane Forms of Transportation Claims

3. Disposition: The second Summary Judgment For defendants after Canceling trial - This matter is Currently waiting District Court's decision On Motion to Leave before the 7th Circuit.


## State FOIA Complaints


1. Name of Case: Thompson Y. Dolton Police Department #2016CH10426

2. Claim Made: Denying Police Misconduct Material Via FOIA Claim

3. Disposition: Settlement For Plaintiff


1. Name of Case: Thompson Y. Cook County State's Attorney office #2020CH2490

2. Claim Made: Denying Requested FOIA

3. Disposition: Settlement For Plaintiff


1. Name of Case: Thompson Y. Cook County State's Attorney office #2021CH1738

2. Claim Made: Denying Brady Material(s) Via FOIA

3. Disposition: Waiting decision on Summary Judgment

# Definitions

The definition(s) Abbreviated in this matter in here is Identified as Followed: IC = Individual in Custody; IDOC = Illinois Department of Corrections; FBOP = Federal Bureau of Prisons; Coronavirus = Covid, Covid-19, Delta Variant, Omicron Variant, B2, SARS-Cov-2-Virus; C/O = Correctional officer; G/O = Grievance Officer; Sgt. = Sergeant; LT = Lieutenant; CAO = Chief Administration Officer = Warden; Asst. = Assistant; ARB = Administrative Review Board; Director = Director or Deputy Director of IDOC; EG = Emergency Grievance; AG = Illinois Attorney General; Gov = Illinois Governor; AD = Administrative Directives; ILCS = Illinois Compiled Statutes; IL ADC = Illinois Administration Code; PPE = Personal Protection Equipment(s), Covid-19 Safety Protocols; IDPH = Illinois Department of Public Health; CDC = Center for Disease Control; SCC = Shawnee Correctional Center; CCC = Centralia Correctional Center; BWC = Body Worn Cameras; Health Care Unit = HCU; HCE = Health Care Employees; FJD = Emak Jane Doe; MJD = Male John Doe - and MHP = Mental Health Professionals.

## Introduction

I'm a 49 yr old black male, housed at SCC, at 6665 State Rte 146 East, Vienna, Illinois 62995.

I'm presenting this matter before the Court as a "Monell Claim," to address IDOC's neglect(s) and omissions - all around Failure(s) to Protect IC (Human Beings) and my self from unsafe, unsanitized harsh condition(s) of Confinement(s), over 24 hours locked down(s) - IDOC Employees at SCC Intentional and Reckless behavior "Culture" of spreading Coronavirus (a disease Contracted through air and on Surface) Without deterence and or discipline(s) of IDOC Employees who are disregarding PPE = Covid-19 Safety Protocol(s) Measure(s) to mitigate the spread of the disease (Covid).

I assert that SCC condemned Infrastructure that belies a plethora of Safety and Sanitation Violation(s), belies an entire Prison Population of over 700 (Seven hundred) IC are being subjected to the same Unconstitutional harsh Conditions of Confinement(s).

Therefore, I'm attaching a Motion For Class Action Certification in Conjunction With this complaint - Pursuant to Fed. R. Civ. P. 23 (CC), with self serving sworn testimonies attached in support requesting the Court to certify this matter as a Class Action.

## Administrative Remedies And Grievance Process

Since my arrival at SCC, I have submitted more than - twenty- Complaints Seeking Administrative Remedies through the Grievance Process - Pursuant to 730 ILCS 5/3-8-8 (C) and 730 ILCS 5/3-2-2 (H) - Mainly EG[s] (Emergency Grievances) and letters of Complaints to defendants Monti, Walker, IDOC's ARB, Jeffreys and Non-defendants Gov. JB Pritzker and Deputy Director Kim Smith __ Requesting investigation (s) of Constitutional Violations through "Certified Legal Mail".

I made repeated attempts Seeking redress and requested reliefs in relations to IDOC Employees at SCC deliberate indifference through Malicious and reckless Conduct disregarding IC (Human Beings) housed at SCC Health (s) & Safety (s).

I recorded Complaints for over- Five- months, How over 90% of SCC employees are disregarding PPE (Facial Protections) and Covid-19 Safety Protocols intentionally Spreading the Coronavirus (Covid) ___ I further reported through EG and letters of Complaints explaining how SCC deteriorating infrastructure evidence unsafe and unsanitized Condition (s), along with more than 24 hour lock-downs exacerbating the Inhumane Conditions of Confinement.

Every issue presented Was denied through a Caste System that fails to establish transparency and impartiality showing omissions to 1st, 8th and 14th Amendment claims of U.S. Constitutional liberties.

## Statement Of Facts

12

1. At all times in this complaint, Plaintiff is in Custody and under Control by the Defendants, who acts under the Color of State law.

2. On August 14, 2021, I submitted a Grievance to Defendant Jeffreys, Pursuant to 730 ILCS 5/3-8-8 (C) (An Illinois Law that allows IC to Forward Complaints directly to IDOC's Director), explaining to Jeffreys: "on 7-20-21, I was shipped From CCC in "Retaliation" to SCC For reporting Racism, Corruption, Excessive Force and how Warden Thompson and Asst. Warden Monti are directly responsible for the spread of Covid-19 at CCC (Monti was Promoted From Asst. Warden at CCC to CAO here at SCC).

3. In the 8-14-21 Complaint, I Further explained how The DELTA VARIANT will be here in SCC soon: "Over 95% of employees here at SCC" DO NOT WEAR PPE (MASK) at all - I also Complained: This facility is merely Condemned - SCC is in Violation of every Safety & Sanitation Code in existence under Warden Monti - Administrative Remedy Reported - This Complaint is an Administrative Remedy to Preserve any and all Future legal action sent Via Certified "Legal Mail" (With a Letter) to the ARB and Director Jeffreys. Requesting - That I'm housed away From Southern-Region IDOC Facilities; That I'm allowed to Communicate With my Family and Attorneys; That IDOC Springfield Moniter SCC's Cameras For PPE Violations and that I'm transferred out of SCC immediately and that the "Retaliation" Stop.

4. On 9-7-21 and 9-16-21, Defendant Kilduff rejected the Complaints sending back the letter to the ARB attached - Claiming No Merit (See Ex. A & B).

5. On 8-22-21, SCC was placed on URGENT Lockdown, due to Staff (employees) disregard for our Health and Safety, neglecting PPE (Facial Protections) - ON CAMERAS -

6. The 8-22-21, Medical Quarantine URGENT Lockdown was a result of SCC's Staff Walking amongst IC - Intentionally Spreading Covid to IC housed at SCC renkentlessly disregarding Covid-19 Safety measures & Pre-Cautions.

7. SCC Medical lock downs Confines IC to our cells for 23½ hours one-day, then We are confined to our cells for over 30 hrs the next day. For example, IC receive 30 minute Dayroom (out-of-cell time) From 8:30 AM to 9:00 AM - SCC - Policy

13

For Medical Quarantine lockdowns = IC received Dayroom (out-of-cell time) Monday from 8:30 Am to 9:00 Am, Tuesday will be from 6:30pm to 7:00pm for a phone call and/or shower after a 33 hour lockdown - Yet staff continues to opened cell doors to pass out food trays (Breakfast, lunch and dinner) No PPE.

8. On 8-23-21, I sent a letter to defendant Monti sub-titled: PPE Violations/Unethical Conduct - I informed Monti: "Today on 2-c - The c/o's refuse to wear any PPE (PLEASE CHECK THE CAMERA) on 3-11 shift. They actually ran dayroom time at 7:20 and locked us up at 7:30pm (ten minutes) terminating my call with my niece Shari Wilson (Please check the call)." I further explained: "a c/o (No staff displayed their Name) entered my cell with No Mask (NM) confiscated my ID Never returned my ID nor did c/o's pass out mail - Please view Tour Cameras" for the record - Defendant Monti never answer any letter I sent Monti at Centralia C.C (Where Monti was the Asst. Warden) Nor here at SCC. Ever (See Ex.-B)

9. On 8-24-21, Plaintiff filed EG#21-08-189 to defendants Monti and Jeffreys titled: PPE Violations/Retaliation/Concealment of identity. Reporting the 8-23-21 incident: detailing how staff (a c/o & Sgt.) on camera No PPE on unit 2-C NM (No Mask) disregarding our health and safety, including walking in my assigned cell (2C-69) with NM (PPE) confiscated my State ID in retaliation for requesting to speak with a "Crisis Team" (MHP) - Only allow 9 minutes dayroom for cells #68, #69, #70, #71, #72 and #73 to shower and call our loved ones." I cited I C Thorton #T41808, Echos#M03970, Wright#510254, Wells#516524 and de Jesus#K58053 as my witnesses to be interviewed to verify the allegation within the complaint.

10. On 8-30-21, CAO Monti, deemed EG#21-08-189 an Emergency for an expediate review - It will take 3 months for a review (See Ex. A)

11. On 11-10-21, defendant G/o Kim Johnson Denied my Requested Reliefs That the employees receive displine for refusing to wear facial Protection; That my ID is returned;

14

That staff display their names & Badge numbers; That my witnesses are interviewed and That I do not experience further Retaliation.

12. Plaintiff, learned 3 months later that the staff mame s were Sgt. Sams and C/O B. White, Both employees gave false statement; Defendant Sams stated:"I wear my mask at all times per IDOC guidelines"; Non Defendant B. White stated:"I wear proper PPE while on grounds at Shawnee CC per IDOC policy. No Cameras were checked nor Witnesses interviewed.

13. On 11-10-21, Defendant Kim Johnson provided a false Statement as well - Stating:"Response from W. Thompson B05177; My Orisinal ID badge was returned to me and I have it." Plaintiff's never made such Statement nor was my ID returned - I had to receive another ID from SCC B of I On 8-30-21. Plaintiff arrived at SCC on 7-20-21 and was issued An ID On 7-21-21 - I had to beg C/O Herrington (Now a Sgt.) to ensure I receive a new ID (See EX #1 - My ID reflect 8-30-21), SCC was on a Medical Quarantine on 8-30-21, meaning I was not allowed to walk to B of I to receive an ID. Defendant C/O Kim Johnson's report was false and covered for her fellow employees as the evidence will Show in all Defendant Johnson's Grievance officer reports, denying all Plaintiff's Grievance(s) reporting Blantant PPE Violations on Camera repeatedly.

14. On 8-27-21, Plaintiff filed EG #21-09-03 titled: Intimidation/Threats/Harassment PPE Violation stating:"Upon entering the Foyer to receive a Covid Test from Unit 2C around 10:15am LT. Hick (Who did not have on his Mask. PPE Violation) Threaten Grievant stating:"I'll mase You" - I responded:"You'll mase who?" Hick replied:"I'll mase You now" (for no reason in front of the women Civilans Conducting Covid test); Defendant Hicks asked for my ID - I replied the police took my ID" Hicks stated:"Ain't no police here" I showed Hicks a Yellow Note book paper Containing Word from EG #21-8-189 (I possesed for my records), explaining Why I do not have my ID - Hick stated:"let me see that Paper" - I gave Hicks the paper to view - Hicks instantly placed the paper in his pocket - Kept the documented Complaint.

I made repeated attempts to obtain my Complaint, defendant Hicks refused to hand it back. I would eventually discover that defendant Hicks have a track record for brutal beatings at SCC, and Hicks is one of the reason IDOC need Camera.

15. On 9-2-21, CAO Month Deemed EG#21-09-03 an Emergency (See EX. A)

16. On 9-15-21, Internal Affairs (IA) LT. Banks interviewed me regarding the 8-27-21 incident with Hicks. I stress to Defendant Banks to Check the Cameras. Banks told me that if I pursue this matter against Hicks. He (Banks) will have to write me an IDR (Disciplinary Report) for making a 3 way Call, threaten Plaintiff with retaliation.

17. At the 9-15-21, interview, Defendant Banks agreed with Plaintiff that Hicks have a lot of Complaints against him (Hicks) for misconduct. However, Banks attempted to encourage Plaintiff to sign DOC 0063 Grievance Cancelation Form. I declined and told Banks I will not pursue the issue.

18. On 9-30-21, G/O Johnson's report claimed IA LT. B. Banks Could not receive data from the Cameras, denying Plaintiff's relief request: That Hick stay away from me; That Hicks return my writing; That Hicks receive an Investigation; That I'm transferred out of SCC immediately. For the above Conduct appears to be normal behavior here at SCC; That I stop experiencing Retaliations; That Body Cameras are activated on Security Staff when dealing with IC to establish Transparency and rid official Misconduct.

19. In addition, On 10-16-21, Defendant Hicks placed his knee on Black Tran-Gender Michelle Cain's neck when IC Cain was beaten by Defendant Sullivan and a mob of all white C/Os in the Receiving/Seg #2 Unit. I've reported this incident to the ACLU, Director Jeffreys (Defendant Jeffreys never respond to letters nor Communications sent "Certified Legal Mail" period) Gov. Pritzker, Illinois AG Kwame Raoul, John Howard Association (JHA) and various individuals (See EX A & B ).

20. On 9-1-21, Plaintiff filed EG#21-09-125 reporting: On 9-1-21, Defendant Cassandra Kwiatkowski (Cassie), Mental Health Wexford Employee walked Unit 2-C

around 8:10 am with her mask below her face and nose. At around 8:13 am, she answered her radio standing at Cell #62, clearly failing to utilize facial protections - This employee is Dangerous — Since my incarceration here at SCC on 7-20-21, I never witnessed Cassie wear her mask nor display her name."

21. On 9-13-21, Monti deemed EG #21-09-125 an Emergency (See EX-A).

22. On 9-9-21, Plaintiff filed EG #21-09-174, "Defendant Kwiatkowski again walked tier 2C (On Medical Quarantine lock down) with her mouth and nose exposed - putting our lives in Danger. May Warden Monti please review THE CAMERAS.

23. Plaintiff submitted a letter dated 9-1-21 to Warden Monti and the ARB explaining: "I'm leaving enclosed an Emergency Grievance to a much bigger Problem, may you please check the Cameras, So there can be a solution to allow us to receive some sense of normalization?" - This correspondence was sent to Monti and the ARB (See EX. B).

24. On 11-10-21, Defendant G/o Johnson, denied Plaintiff's request relief: To EG # 21-09-125 and EG #21-09-174 in the same G/o's Report to Check the Cameras, despite both issue reporting Defendant Kwiatkowski deemed an Emergency by CAO Monti.

25. On 9-13-21, Plaintiff, filed EG #21-09-201 reporting: "On 9-13-21 @ or around 12:45 pm on 2C between Cells #60 & 61 - C/o Schlatmann and Jane Doe Wexford HCE were issuing Eye Glasses (HCE sitting at the table) to IC - Neither Employee wore Facial Protections Nor Gloves while issuing Eye Glasses. Also, John Doe c/o assigned to Work 2C (7-3 Shift) opened from Cells #52-65 (13 Cells) Nor did this Doe Employee wear his Mask Nor Gloves. IC are locked down 23½ hours a day on 2C under the Guise of medical Quarantine (Due to Covid-19) - Every Single day on Every Shift, most Employees are not following Guidelines Established by IDPH, Gov. Pritzker Nor Director Jeffreys. Moreover, IC are not thoroughly informed on what Rules or Regulations are to be Enforced and or followed. The Entire 2C Top tier was locked

before 11:00 am - meaning We do not Know how many Cells at a time are suppose to receive 30 minutes, When and Where to Utilize Facial Protections - No updates on the Covid numbers amongst IC, Employees. How long will IC experience basically a 24 hour a day lockdown, Do the Administration check the cameras to ensure staff are utilizing PPE-Social distancing? IC are housed in Shawnee by Force (Under State Sentences) - Employees here (Who are Paid to Enter this Facility -middle Class income) have displayed a Continued Flat out disregard for the health safety and lives of "Human Beings" housed in Shawnee. Therefore, Transparency, Rules & Regulations as well as the Promulgation of Covid Procedures Should be afforded to IC. Administrative Remedy Reported - Request Relief: That 2C Cameras are Reviewed (9-13-21/7-3 Shift); That an investigation and Administrative Procedures are Enforced With Employees in relation to Covid; That IC are updated on the Covid Status and Numbers in SCC & IDOC; That IC receive Info Regarding level One Medical lockdowns and how many Cells are allowed out as Well as Bodys at a time; That IC receive updates on PPE & Covid Guidelines as Well as Procedures to be followed once Covid is detected in a Human Being in Custody.

26. EG# 21-09-261 Was deemed an Emergency on 9-15-21 by CAO Monti, this Complaint has not received a response to this day (February 20, 2022), over 5 months later and has twice been sent Via "Legal Mail" to Defendant Jeffreys (See EX.B

27. Nevertheless, on 12-23-21, Defendant Sandra Schlatmann, Open Cell 4-A-23 on Compliance Check (With at least 12 Employees Conducting Compliance check)- Schlatmann asked me to move my legal Box - Defendant Schlatmann and almost every C/O Conducting Compliance check on Unit 4-A With No Mask (PPE) opening every door on 4-A - Next door Unit #4-B Was the Positive Covid Unit - The entire SCC Was placed on Medical Quarantine lock down on 12-19-21 - Yet SCC staff were still disregarding PPE Constantly Spreading Covid intentionally.

28. On 9-24-21, Plaintiff Confronted C/O Hull (Who Did not have on a Mask) and asked C/O Hull for a Stool (SCC) do not have anything to sit on in a lot of Cells- C/O Hull stated?

"Naw, You write to many Grievances" - I replied: "Who me?" Hall stated: "Yeah, You, Word get out pretty fast amongst Us - We don't like You" - Plaintiff ensured Hall, I never wrote a Grievance on him (Hall) at all, defendant Hall replied: "So, You Wrote grievances on officers and that Sh** don't sit well with us at all. I asked Hall for the Stool again - Hall replied: "No!" Plaintiff ended the Conversation informing defendant Hall: "I'm a Pro Se litigant and I have wrote many grievances, filed Complaints, etc - Hall replied: "No You're not" I walked back to Cell 2c-69."

29. On 9-25-21, Plaintiff filed EG# 21-09-317. Reporting the 9-24-21 incident With defendant Hall Confirming Staff here at SCC, dislike Plaintiff for Exercising my 1st & 14th Amendment Rights. Added, Plaintiff has been and definitely Will Continue to experience retaliation - reporting C/o Hall do not wear his Mask 97% of the time violating Gov. Pritzker's Executive order to establish health & safety for IC. I further explained how C/o Hall throw IC Sherrod #M02747, Walking up on Sherrod after throwing Sherrod's Garbage can - as if Hall Was ready to hit Sherrod. IC Suggs #M32882, Was right next to Plaintiff, Which I stated in EG# 21-09-317 - I have a Witness on Camera on 2C stairs With C/o Hall at 9:15am.

30. On 9-27-21, CAO Monti, Deemed EG# 21-09-317 an Emergency.

31. On 10-18-21, defendant C/o Johnson, denied Plaintiff Request Relief: That the Retaliation Stop; That C/os display their names & Badge; That C/o's wear Activated Body Cams When Walking amongst IC; That 2C Cameras are viewed on 9-24-21 to Substantiate my Claim - That a C/o speak with me - I Have a Witness (See EX. A).

32. C/o Johnson's Report of C/o Hall's response have Hall Claiming he do not recall the incident - Adding he responded to Sherrod in a desired matter. Hall did not respond to his PPE Violation(s) - defendant Johnson gave her standard botched response as in every report: "Both Staff and IC are provided masks and all were educated on the importance of Wearing them Correctly. Supervisory Staff tour the facility to ensure Compliance." Plaintiff Contends, the Supervisory Disregard PPE. "SCC's Culture."

19

33. Also, on 10-16-21, Hall assisted, defendants Sgt. Sullivan #4429 and Hicks #7087 in the beating of Black Transgender Michelle Cain. Hall assisted Sullivan in trap Michelle Cain in to execute the beating.

34. On 9-25-21, the very next day after the incident with C/o Hall, Plaintiff was retaliated against.

35. On 9-25-21, Plaintiff filed a grievance (#21-09-322) Reporting, IC Espinoza On 9-24-21 "Espinoza (A Baby rapist) refused to move in Cell 2C #69 with Plaintiff. However, Espinoza was in Cell #69 with me and moved to Cell 2C #25, due to PREA Issues and a Seriously Potential physical Altercation that was about to lead to a life or death situation between Espinoza and I (Espinoza moved out of Cell #69 With Plaintiff on 8-28-21) on the Midnight shift). Espinoza's refusal to cell back with Plaintiff Was for Valid reasons, Which SCC's placement office and the Sergeant on 9-24-21 allowed Espinoza to refuse.

36. On 9-25-21, C/o Mann told Plaintiff that he (Plaintiff) had to move down stairs in 2C #25 (the very next day) with Espinoza.

37. Plaintiff told C/o Mann that Espinoza and I was about to have a very very serious physical altercation as cellmates and Espinoza moved out of Cell #69 With me a month ago on the 11-7 shift for safety Reasons.

38. C/o Mann stated, "I don't Care and he's not catering to Plaintiff. Plaintiff explained to Mann; "Yesterday (9-24-21) They allowed Espinoza to refuse Cell Change. C/o Mann Stated; "I do not Care". I informed Mann that there were PREA And Mental Health issue - (Plaintiff is diagnosed SMI. Seriously mentally Ill) - Informed Mann that Plaintiff is originally single Cell prior to arriving here at SCC anyway.

39. C/o Mann refused plaintiff to speak with MHP - Told Plaintiff to move and or Go to Receiving (Special Management Unit still labeled as Segregation #2). Plaintiff was force to move to Segregation #2 (S2), for C/o Mann persisted I moved in cell with Espinoza encouraging PREA Conduct, violence and disregarding IDOC Racho factors.

40. Plaintiff was issued an IDR by C/o Mann that somehow disappeared, due to Plaintiff Filing Complaint #21-09-322 (See Ex. - A ) reporting PREA/Racho Factors.

41. On January 5, 2022 (3 months later), C/o Hughes denied Complaint #21-09-322, never spoke with Plaintiff regarding the PREA issues; and MHP's, IA and the C/o Falsified documents in their response; disregarding and neglecting Plaintiff's PREA Issues

42. Plaintiff twice submitted Complaint #21-09-322 to IDOC springfiled's PREA Office. Certified Mail #7019 1640 0000 8674 1817 and to Director Jeffreys prior to C/o. Hughes Report (See Ex. B )

43. Also, Plaintiff filed EG #21-12-154, Citing IDOC's AD's 04.01.301/Retaliation For placement issues (3) For reporting PREA issue and Federal Guidelines by the DoJ (as Adopted by IDOC) 115.51 (C): "Staff SHALL accept reports made verbally, in writing, anonymously and from third parties and SHALL promptly Document any Verbal Reports". Plaintiff, received an unauthorized punishment For Reporting PREA - MHP never intervened (See EX. A).

44. On 9-25-21, Plaintiff, Filed EG #21-09-316, reporting; "Every time Grievant received a Covid test while house on 2C - The Reditus Laboratory Civilians (official Visitors) Employee's never have their Noses Covered - meaning on 8-20, 8-27, 8-30, 9-6, 9-9, 9-14, 9-17, 9-20 and 9-23 of 2021 - The main two civilian who have been testing us For Covid not only failed to wear a Shield, but their noses are exposed, Just to Conduct a 15 to 20 minute(s) test of IC. one of the Reditus employees wear her "Nose - Ring" showing faithfully. Either way, the conduct and Character of the Security staff indulge in such behavior even Worse.

45. Plaintiff gave an example Citing dates of Blantant PPE on Covid test days of Staff neglecting Facial Protections + Writing in Capital letters "PLEASE VIEW THE CAMERAS."

46. Plaintiff Concluded Complaint #21-09-316 stating; "Finally, The "Culture & Beliefs" of most C/os here at Shawnee (Who are paid by Illinois State Government receiving middle class

Wages & salaries; clearly hate and or disregard IC (who comes from lower income and poverty stricken environments) Health and safety (even though IC secure employees bottom line $$$) Violating Governor Pritzker's Executive Orders in relations to PPE to reduce the spread of Coronavirus - Therefore, the Solution and only Remedy should be to depopulate and or reduce IC housed in Shawnee CC at least til Covid-19 Pandemic is over."

47. On 9-27-21, CAO Monti deemed EG#21-09-316 an Emergency.

48. On 10-19-21, G/O Kim Johnson, denied EG#21-09-316 - of Plaintiff Request Relief: That the above PPE Violations are Investigated (CAMERAS REVIEWED) for safety, Health & Protections of Human Lives here in SCC; That Transparency and Directions, as well as solutions to this medical Quarantine are provided; That I'm Immediately Transferred out of SCC PLEASE; That SCC is DEEMED a Health & Safety hazardous and receive a Repopulation and that I Stop Experiencing RETALIATION. (See Ex.- A)

49. Kim Johnson, gave the same Botched response; "Supervisory Staff tour the facility on every shift to ensure Compliance," "Electronic monitoring is utilized to maintain facility security and not for the primary purpose of engaging in employee surveillance". Defendant Johnson clearly admitted she will not investigated Staff reckless disregard for Health and safety of Human Beings at SCC - As well as determining Covid is not a Security matter, with Defendant Monti Concurring.

50. On 9-27-21, Plaintiff, submitted a Complaint addressing SCC deteriorating Infrastructure - To Defendants Jeffreys and Monti requesting an Investigation; "On 8-6-21, I was housed in Receiving (Cell#36) that contained Chip paint, rust all over the cell and Walls, filthy vent, Dirt and Dust all over the Floor and Water taste horrible. On 8-9-21, I was move to Cell 2C-69, the same Conditions existed - Cell with Chip paint all over the doors, Wall, rust, Vent contained Mold on the inside - meaning We're breathing Mold - On 9-25-21, I was placed here in Cell 52-15, the very same Conditions exist. Pursuant to 730 ILCS 5/3-7-3 (a) - Standard of Safety & Sanitation for all institutions and facilities SHALL be established and enforced by the Department. All buildings

and facilities SHALL be cleaned regularly and properly maintained. Ventilation of air and heat adequate to the climate and season SHALL be provided. Shawnee's ventilation system needs Air duct cleaning, Mold Removal as well as the Painting, rust and water shall be fixed and up-graded for clean and sanitized living conditions. We're not issued cleaning supplies nor do I smell soap with disinfect to kill germs and bateria associated with Coronavirus. The Infra structure here at Shawnee is merely condemned. – Never Received A Grievance Number Nor Response – Unlike EG# 21-09-201 that did receive a Grisrance # – No Response (See EX. A

51. Thus, Plaintiff never received a response to a Grievance submitted on 9-10-21, regarding Plaintiff's "Missing Property" upon arrival from CCC to SCC (See E.A)

52. Plaintiff, has been Deemed SMI (Seriously Mentally Ill) by MHP, from an attempt suicide and my Bipolar Diagnosed, which MHP suppose to afford reviews and deal with punishments and IDR's in relations to IC under SMI status.

53. Pursuant to IDOC's AD 05.12.103 Definitions (E) Special Management Unit (SMU) – "a form of housing that separates Individuals in custody from General population and restricts Individuals in custody to his or her cell for no less than 22 hours per day for the safe and secure operation of a facility." – AD's for IC designated as SMI.

54. SCC, SMU is not label SMU – Its labeled Segregation #2 and or Receiving, failing to Revise to IDOC's new definitions and Administrative Directives.

55. SCC, Only allowed IC out of our cells only Once a Week for recreation in 52 and or Receiving as of October 2021. However, C/o Jesse and his Colleagues did not want to allow the one a week Recreation to receive recreation and relieve stress.

56. On 10-14-21, Plaintiff submitted E.G # 21-10-147 and #21-10-151, Reporting how C/o Jesse #9611 and his Colleagues do not utilize PPE. C/o Jesse denied Plaintiff Yard (Recreation) on 10-14-21, Calling me a B*tch (See Ex. A)

57. On 10-19-21, CAO Monti Deemed E.G #21-10-147 and #21-10-151 Emergency Grievances.

58. On or around 10-29-21 or 10-30-21, the C/o's called Plaintiff to the Officers

23

Desk - C/o Jesse and a C/o mentioned in the complaints were in possession of IDOC Forms 0063 (Grievance cancellation forms) - the employees warned Plaintiff, to cancel the complaints if Plaintiff do not want to make his (Plaintiff's) time difficult in S2.

59. Plaintiff, realize there was nothing I can do to prevent Retaliation. I requested to speak with Defendant C/o Johnson - The C/o's claimed that she was not available, despite Plaintiff witnessing C/o Johnson handing the c/o's the DOC 0063 Form.

60. Later on that day, the c/os approached Plaintiff again with the DOC 0063 Form - Plaintiff signed five forms agreeing to cancel E G #21-10-147 & #21-10-151. Plaintiff, contends that #21-10-147 & #21-10-151 disappeared completely - did not receive a Counseling Summary confirming the Grievances were cancelled (SEE EX. A Counseling summaries).

61. On 10-18-21, Plaintiff Mailed a Complaint directly to Defendant Jeffreys, Pursuant to 730 ILCS 5/3-8-8 (c) stating: "On 10-16-21 @ 10:35 to 10:45 am, Other IC and I, Witnessed Sgt. sullivan and c/o Hall harassed and Beat Gay/Trans Gender Michelle Cain in Receiving unit (S2) here in SCC. The employees called Cain Homophobic names, stomped and banged Cain's head - 20 white males arrived - SCC is corrupted beyond pale. Mr. Murphy Cell #18, Littrice cell #19 and other IC housed in Receiving witnessed the above incident. Sgt. Sullivan has a history of violent encounters with blackmen here in SCC. PLEASE DO NOT LET WARDEN MONTI KNOW I'M REPORTING - This incident - Monti is Corrupt  - He use to work @ Pinckenyville · Monti is not right Nor Internal Affairs here · They are Retalitory here in SCC - Everyone turns a blind Eye to Exessive force and Racism, In addition, SCC contains Major Health & Safety hazards beyond any One Grievance - I'm breathing Mold, Toxic Water, Abandoned cells filled with Rust, Chip paint · Please view Receiving, Units 1, 2 and 3 inside the cells - Unit-4 (Where the Dogs Stay) is the only Halfway Clean Unit - PLEASE HELP,

62. On 10-30-21, After investigating and receiving more information about the 10-16-21 Beating - I submitted another complaint Via 730 ILCS 5/3-8-8 (c) updating the 10-16-21 Beating · Provided IC - Littrice #Y27374, Johnson #B84835 and Yins

#M13767. Also, Provided now LT. Hicks #7087 put his Knee On Michelle Cain's Neck (See EX. A & B Director Smith) - Sgt. Sullivan is the Sgt. Who supervisor Restricted Housing (RH) - Defendant Sullivan has threaten me With retaliation While housed in Restricted Housing.

63. Sgt. Sullivan never Utilize PPE, here are dates included but not limited to On the 1-3 shift here at SCC; 7-23-21, 7-29-21, 10-15-21, 10-16-21 (right before Beating Cain), 10-31-21, 11-24-21, 1-19-21 (Surrounded Plaintiff in RH area With 5 Officers in an attempt to intimidate Plaintiff · No C/o had on a Mask) - An EG has been submitted and still active regarding the 1-19-21 incident.

64. Soon after Sullivan tested positive For Covid · Sullivan came back to Work, Still refusing to Utilize a Mask · on 2-9-22 @ Compliance check, 2-10-22 at 8:31 Am - Standing at Cell #33 With Covid Test Workers · NM · 2-12-22, 2-16-22 @ 11:19 Top deck and 2-17-22 at 9:24 AM Bottom deck after testing Positive For Covid · Sullivan refuse to exercise PPE - Neglecting his scope of employement as a State employee, disregarding our health & Safety, due to Sullivan deliberate indifference.

65. Plaintiff Contends that he submitted many Grievances, Grievance Appeals and letters to IDOC officials in attempts to rectify SCC's staff reckless disregard and deliberate indifference to an entire Class of Human Beings health and Safety in relations to the Covid situation - Retaliation included.

67. Plaintiff attempted to have IDOC officials address the harsh Conditions of Confinement (Strenous - oppressive - lockdowns) · that has exacerbated Plaintiff's Bipolar Conditions and deteriorating health, due to IDOC employees recklessly Spreading Covid - While Subjecting an entire Prison Population to Unsafe and Unsanitized Conditions that belies SCC's deteriorating Infrastructure.

68. Nonetheless, IDOC continued to transfered IC (Human Beings) to this Horrible Prison, While denying and or thrawting attempts to navigate the Grievance Process, that address the harm and Human Right(s) Violation(s) - disregarding Illinois (State) and

U.S. Constitution (Federal laws).

69. Plaintiff, submitted EG (Emergency Grievances) and level One Grievance(s) as Cited Below:

(A) Dates:                          Grievances

8-14-21 To Jeffreys & ARB  EG

8-24-21  To Monti & Jeffreys  EG

8-27-21 To Monti & Jeffreys EG

9-1-21 To Monti & ARB-Jeffreys - EG

9-9-21  To Monti & Jeffreys  -  EG

9-10-21  Grievance About Property From CCC - No Response - disappeared

9-13-21  To Monti & Jeffreys - EG - No Response - disappeared

9-25-21   To Monti & Jeffreys - EG

9-25-21   To Monti & Jeffreys - EG

9-25-21   PREA - Retaliation

9-27-21   Sanitation - No Reponse - disappeared

10-14-21   EG - Disappeared

10-14-21   EG - Disappeared

10-18-21   To Jeffreys & ARB

10-19-21   To Jeffreys & ARB

10-30-21   To Jeffreys & ARB

11-8-21   To Monti - EG - Denied EG Status

11-14-21   To Monti & Jeffreys - EG

12-1-21   Retaliation - Illegal Shakedown C/o Miles #11429 - stole Legal Docs

12-4-21   To Monti & Jeffreys - EG PREA Retaliation

12-31-21   To Monti & A. Walker - EG

12-31-21   To Monti

1-3-22   To Deputy Director Kimberly Smith

Date ?                                    Grievances

1-7-22    To Monti & Jeffreys - EG

1-12-22    To Monti & Jeffreys - EG

1-12-22    To Monti & Jeffreys - EG

1-17-22    To Monti - EG

1-19-22    To Monti & Jeffrey - EG

1-20-22    To Monti - EG

1-27-22    To Monti - EG

2-2-22    Grievance up-Graded to EG - C/o Gave False Statements Miles #11269

2-14-22    To Monti, A. Walker and Director Jeffreys * Will Filed Once this Case receive a
              Docket # in the USDC - SD - To Avoid Futher Retaliation C/o Hikemann

2-18-22    To Monti & Jeffreys - EG - Intel C/o Horn #7077 * Will be Filed once this Case
              receive a Docket Number - To Avoid Further Retaliation

70. Although Plaintiff technically, Exhausted his Administrative Remedies after the
August 14, 2021, Complaint forward to Director Jeffreys, Pursuant to 730 ILCS 5/3-8-8(c)
(less than a month after Plaintiff's arrival at SCC) - I still persued Administrative
Remedies, to discontinue the clear Violation(s) of IC and Plaintiff's Health & Safety
Under Unsanitized Conditions of Confinement.

71. Thus, 90% of Plaintiff's Grievance(s) & EG Were about PPE violations -
The Botched G/O's response is a State Wide answer to all reports of PPE - Violation -
Supervisor ensure compliance with Covid-19 Safety Protocols When they tour the facility.
Therefore, Plaintiff started recording the Supervisors and the security staff.

72. After the Exhaustion of Administrative Remedies of reporting Constitutional
Violation(s), then the Defendants actions are deliberate, Callecus and Malicious and
an agreed upon Act to Violate our Protection, Which is acceptable amongst all
employees, leaving Plaintiff No Choice but to Use the cameras as Plaintiff Witnesses
in this complaint - the Defendants Will Make every attemp to Conceal.

73. Plaintiff, Contends these are the following defendants who Continued to disregard Covid Safety measures after Plaintiff Exhausted Administrative Remedi's.

74. On 12-10-21, Sgt. Hutchinson Worked unit - 4 With NM (No Mask), On 12-14-21, Sgt. Hutchinson, Worked the HCU with NM; On 1-4-22 @ 1:15 am Sgt. Hutchinson With a Rookie in training - NM; On 12-27-21 @ 3:34 pm - Sgt. Hutchinson on Top Deck in Receiving NM; On 2-17-22 @ 5:39 pm - Sgt. Hutchinson and a C/o Both Escorting a Black HCE passing out meds - NM.

75. On 12-15-21, LT. Browning, standing next to a Food supervisor in the Dinning Hall - NM.

76. On 12-15-21, Food Super-visor With LT. Browning NM - I inquired about the Worker passing out Food with No PPE - The Food Supervisor responal - So is half the chow line - LT. Browning stated - Your Worried about the Wrong thing.

77. On 12-23-21, C/o Horn #7077, Conducting Compliance check on 4A With a Crew of C/o - Horn have Mask under his Mouth and Nose - most C/o have NM While opening doors - 4-A Was on a Medical Quarantine lock down For Covid Positive cases.

78. On 12-26-21 C/o John Doe passed out breakfast all the following dates on 4-A: 12-27-21, 1-2-22, 1-3-22, 1-13-22, 1-18-22 and 1-19-22 - all at Breakfast NM.

79. On 12-28-22, C/o Hilemann Passed out IC Into sucker for Covid test NM - On 2-7-22 @ 10:45 am at my Cell #32 - NM; On 2-11-22 @ 9:16 am, C/o Hikman @ Cell #77 On Top Tier Receiving NM; On 2-14-22 @ 8:30 am C/o Hikemann touching Covid test No PPE; On 2-15-22 @ 10:06 am, C/o Hilemann Working - NM; On 2-18-22 @ 8:05 am C/o Hikmann on Bottom Deck NM; And on 2-21-22, C/o Hikmann NM.

80. On 12-29-21, @ Breakfast, C/o Woodward passing out Breakfast NM; On 1-4-22, On 1-5-22, 1-11-22 and 1-12-22 all at Breakfast time Woodward NM.

81. On 12-31-21 (Covid test day) LT. Dunning sitting at table between Calls 29 and 30 Mask under Mouth and Nose While marking off names for Covid test.

82. On 12-31-21, at 9:40 AM, a C/o Touching Covid test tubes No Gloves;

On 1-3-22 (Covid test day) John Doe 12-31-21 @ 10:43 am passed out Covid test info Stickers - @ 10:49 am, John Doe Sat at a table by Cell 4-A-20 NM.

83. On 12-31-21, LT. Johnson at 12:08-12:09pm - Came to Plaintiff Cell, opened the door Mask under Mouth & Nose harassing Plaintiff - It documented in EG #22-1-93. ±A LT. Banks View the Video data - Never made mention of LT. Johnson's Mask under his Nose.

84. On 1-1-22, C/o Jane Doe at 7:25pm, stood by my Cell (4-A-23) - locked the Cell door NM; Jane Doe 1-1-22 - On 1-16-22 - Worked the entire 3-11 shift NM - I inquired about C/o Jane Doe Mask - C/o Doe - Coughed at me Joking she got Covid.

85. On 1-2-22, Nurse Jane Doe at 4:54 am passing out Meds NM as an HCE; On 1-3-22 @ 607-609 am - Nurse Doe passed out Meds. NM.

86. On 1-2-22, LT. OQuendo signed Mail Voucher to Director Jeffreys NM; On 1-18-22 @ 4:54pm on 4-A- Plaintiff inquired about LT. OQuendo as to why defendant OQuendo never wear a Mask. defendant OQuendo Stated: "To hell with a Mask - I'm not wearing a Mask" - Plaintiff related to OQuendo: "Your the leader, if You are to lead by example, then how are the C/o's going to honor Safety Pre-Cautions?" I Further explained that Lieutenants at Centralia C.C do not walk amongst IC without Mask - The Cases do not spike" OQuendo replied: "F#CK Centralia."

87. On 1-4-22, C/o John Doe Worked the entire 3-11 shift NM - Unit 4-B is Where SCC house Positive Covid Cases, meaning entering unit 4 without utilizing PPE, highten the risk of spreading Covid. On 1-4-22 - I informed C/o Doe - May You please Wear a Mask next time You work? C/o Doe Stated: "I'll think about it." On 1-17-22. @ 4:23pm C/o Doe walked 4A - NM; On 1-18-22 at 6:01-602 pm, C/o Doe exit unit 4-B (Positive Covid Case tier) - NM, less than one minute later entered Unit 4-A NM - Until an IC told the C/o Put on a Mask.

88. On 1-8-22, C/o Pind at Compliance check - Mask under Mouth & Nose mainly every C/o Conducting Compliance Check - NM; On 1-12-22, Intel C/o Pinds #8388 On tier 4-A - Mask under Mouth & Nose; On 1-25-21 at Compliance Check in Receiving,

C/o Pind and more than 10 C/o's opening cell doors NM; On 2-19-22 @ 11:13-11:15am, C/o Pind mask under Mouth & Nose at Cell #30 in Reccing passing a report to Cell #30 for Signature in a disciplinary - Intel Report - C/o Pind Keeps his Mask under his Mouth and Nose. C/o Pinds as an Intel C/o Communicate With many IC through interviews. Thus, Intel C/o's practice Retaliation faithfully - Therefore, Plaintiff will File a Complaint Once this matter receive a docket number.

89. On 1-10-22, C/o Sparks, Worked 4-A, the entire 7-3 Shift, mask under her Mouth & Nose.

90. On 1-10-22, at 7:35pm, C/o White issued Legal Mail to Plaintiff - C/o White did not have on a Mask. White Went from unit to unit passing out Legal Mail with NM and White pass out "Legal Mail" every time with NM faithfully.

91. On 1-10-22, at 10:50 am - I had to ask C/o Brim to put on a Mask, Prior to Plaintiff requesting defendant Brim Wear a Mask - Defendant Brim Sat in the Core of Unit 4 (the Positive Covid Case Unit - 4-B) With NM.

92. On 1-12-22, Female C/o Jane Doe, Passed out mail @ 3pm with NM - I requested C/o Jane Doe Wear a Mask - The Dayroom time Started at 3:40 pm (before Count Checked), At 4:15 pm Jane Doe opened Doors for Dinner trays NM - Plaintiff filed a Complaint recording Jane Doe (1-12-22) and Send this information to Defendant A. Walker.

93. On 1-17-22, IA LT. Banks, did not have on a Mask While Plaintiff Was being Interviewed by IA Moore - IA is the agency Who Suppose to investigate Staff and Employee MisConduct - IA Employees do not Wear Mask

94. On 1-17-22, IA Moore, did not have on a Mask While Conducting an interview With Plaintiff - the interview room is small. Also, Plaintiff Will Report the IA employees once this matter is filed before the Court, due to retaliation Plaintiff is experiencing.

95. On 1-18-22, at 4:54 to 5:04 pm, C/o John-Doe, Who Was With LT. O Quendo Stood and argued for ten minutes explaining Why he Will not Wear a Mask - Plaintiff,

told c/o John Doe that Gov. Pritzker's Executive Order, directs us to wear a Mask - c/o John Doe stated: "An Executive Order is Not Law"- Prior to ending the debate.

96. On 1-26-22, at 8:33 Am, C/o Davis is standing at Cell#33 in 52 or Receiving With NM; On 2-9-22, Defendant A. Davis, conducted a Compliance Check with a crew of C/o³ - Mainly no one had on a Mask.

97. On 1-27-22, HCE Hillary, attempted to drawn blood from Plaintiff at 3:00AM, Defendant Hillary did not have on a Mask, attempted to drawn blood with a Coat on at the Officers desk - This matter has been reported in EG# 22-1-253.

98. On 2-2-22 at 3:23pm, C/o Miles #11269 entered Plaintiff's cell 52-32 - NM - handed Plaintiff's mail. Miles worked the entire 3-11 shift NM. Defendant Miles has been reported in an Emergency Grievance dated January 7, 2022, Working the entire 7-3 shift NM. Also, c/o Miles Conducted an Illegal Shake down of Plaintiff Cell in Retaliation Confiscating Legal documents on December 1, 2021, recorded in Grievance # 21-12-99, Defendant Miles gave a false statement in Complaint# 21-12-99 and #22-2-50, each matter is still pending.

99. Each of the SCC Staff mentioned, were acting in the scope of his or her employment as a State of Illinois employee, hired by the Illinois Department of Corrections, sworn to follow State, federal, local laws, bulletins, Administrative Directives, rules and regulations of the Illinois Dpt of Corrections. Moreover, the defendants are sworn to ensure the care, safety, security, medical and mental health(s) of the Human Beings in their Custody.

100. The G/o³ Authorities "Botahed Response" have been Repetitive - Stating: "All staff are provided Mask and are required to wear them Correctly during their shift." "Supervisory Staff" tour the facility on every shift to ensure Compliance."

101. To the Contrary, the evidence show the Same "Supervisory Authorities" the "Grievance Authorities" Claims ensuring Safety Measures are in Compliance

On each shift - are clearly "ON CAMERA" violating the same Health/Safety

measures that the "Supervisory Authorities" are suppose to enforce.

102. Although Plaintiff has already provided dates and times of at least -

30- IDOC employees at SCC disregarding Covid-19 safety Protocols in this matter -

"ON CAMERA" - Violating Safety/Protocols to mitigate the spread of Covid,

Plaintiff, have recorded more than "One- Hundred "incidents of Employees

On Camera - Repeatedly Committing the same violations - Faithfully - As the

Succeeding Pages 33, 34, 35 and 36 Demonstrate as follows:

No Mask On Camera

103.        I've been housed at Shawnee C.C (SCC) Since July 20, 2021, Since my arrival
at SCC · 90% of employees, especially Security staff disregard wearing facial Protections—
Meaning No Mask (NM) or Mask below their mouth and nose. Warden Daniel Monti has
deemed at least ten incidents of staff On Camera With NM as Emergency Grievance(s)
Recorded - Here are the most recent PPE Violation On unit 4-A at Shawnee C.C:

12-23-21, @ 7am compliance check c/o Horn and almost every c/o Conducting Compliance Check
On 4-A failed to property wear PPE - c/o Schlatmann opened Cell #23 NM asking me to more
my Legal Box - She has been reported in an Emergency Complaint on September 13, 2021 Grievance
# E-2021-09-201 for failing to wear facial Protection (PPE Violations).

12-23-21, Multiple c/o escorting a Prisoner handcuffed on 7-3 shift out of Unit #4 NM

12-26-21, At Breakfast, a c/o with a suspicious White Supremacy tatoo? on left forearm NM opening doors.

12-27-21, Same c/o at Breakfast from 12-26-21 @ 4:30 am NM

12-27-21   c/o Swallis passed out Mail NM

12-27-21   7 employees 2 LT's included entered Unit 4 NM - exit Unit 4 NM 3-11 shift

12-28-21   (Covid Test day) c/o Hikmann passed out Prisoners Information stickers for Covit test NM

12-28-21   A. Allen passed out Mail NM

12-29-21   c/o Woodward @ Breakfast NM

12-29-21   At Dinner 4:30 pm 2 c/os NM - At 6:09 Pm Same c/o who passed out Dinner opened
doors for med line NM.

12-31-21   (Covid Test Day Again) LT. Dunning sitting At table between cells 29 & 30 Mask under
nose and Mouth while marking off names for Covid test - Multiple Prisoners taking Covid test
NM - At 9:40 am a c/o Touching the actually Covid test tube. No Gloves on Mask under Nose
* At 10:08 · 10:09 am Covid test team left unit 4.

12-31-21   At 12:04 pm c/o NM open doors for lunch trays - At 12:08·12:09 pm LT. Johnson Mask under
Mouth & Nose came to Cell #23 and harassed me for nothing.

1-1-22   At Count c/o NM - At 4:34 pm Sgt. M passed out Dinner NM - At 7:05pm & employees
walked on the top deck including a Sgt (M) & LT. NM.

1-1-22   At 7:25 pm c/o at Cell #23 locking Cell Door NM

1-2-22   At 4:01 am Same c/o from Breakfast of 12-26 & 12-27 NM with left forearm tatoo
Collect trays at 4:18 am NM - At 4:54 am c/o NM, Sgt Mask under Nose & Mouth - Nurse NM
While issuing Medication (Med line).

104.

## NM = NO Mask On Cameras

1-2-22  C/o Count 3PM  NM

1-2-22  355PM  LT. O Quereto Signed Youcher to Director  Jeffreys NM

1-2-22  4:26 - 428pm  C/o Collecting trays NM

1-3-22  @ Breakfast C/o From 12-24-21 ( 12-27-21) - NM

1-3-22  @ 6:07 - 609 am Nurse pass out Meds (medication) at Cell # 32 NM

1-3-22  @ 7:10-7:11 am  C/o Count NM

1-3-22  @ 10:43 am - Covid test - same C/o touched tubes NM - passing out Covid test into Stickers

1-3-22  @ 10:49 am same C/o Walked in Covid test area - sat by Cell 20 at table NM

1-3-22  @ 3:22 C/o Rann & Sgt pass out mail - NM -

1-4-22  @ 4:17 am at Breakfast C/o Woodward NM

1-4-22  @ 6:00 Am Same tator C/o With HCE at Cell # 32 NM

1-4-22  @ 7:15 AM Sgt Hutchinson With Rookie in training NM - Rookie had on Mask

1-4-22  @ 7:37 Sgt Hutchinson left Unit #4 With Rookie - NM

1-4-22  @ 2:59 C/o Count NM

1-4-22  C/o Worked entire 3-11 Shift NM -I ask this C/o Wear a Mask Next time he Work - He said Remind.

1-4-22  C/o Woodward Counted at Breakfast NM -11-7 Shift

1-5-22  C/o Woodward at Breakfas NM

1-5-22  Warden Monti visit Unit #4-A

1-6-22  at 5:30pm, C/o passed out Legal Mail NM - Going From cell house to Cell house

1-6-22  @ 6:25pm 2 C/os NM with HCE issuing Meds

1-6-22  The entire 3-11 Shift Worked NM

1-7-22  C/o Miles # 11269 Worked entire 7-3 shift NM

1-8-22  @ Compliance Check Intel C/o Pind # 8388 Mask Under Mouth & Nose - mainly every C/o-NM.

1-9-22  @ 7am Count - Female C/o NM

1-9-22  @ 11:09 am Female C/o opened doors Collecting lunch trays NM

1-9-22  C/o Worked entire 3-11 Shift NM

1-10-22  C/o Sparks Count a 7am Mask under Mouth & Nose

1-10-22  C/o Sparks Counted and had her Mask Under her Nose & Mouth the entire Shift.

1-10-22  @ 7:35 C/o White With Legal Mail NM

1-11-22  C/o Woodward at Breakfast NM

1-11-22  @ 3:13pm C/o Taking Count NM

1-11-22  @ 3:20-3:21pm c/o passed out Mail NM

1-12-22  @ Breakfast C/o Woodward Breakfast NM

1-12-22  7-3 Shift C/o Brim in Core NM Walked on 4-A @ 10:50Am - I ask Brim to put on Mask

1-12-22  C/o Pinds NM (under Mouth & Nose) 4-A

1-12-22  @ 3pm Female C/o passed out Mail NM - I asked her to Wear a Mask - Ran Dayroom date 3:40pm

1-12-22  @ 4:15 Same Female C/o opened Door For Dinner trays NM

105.                    NM = NO Mask on Cameras

1-12-22  only 5 Icu beds available in Region #5 - IDOC stopped Intake

1-12-22  @ 5:30 pm c/o With HCE NM passing out Meals

1-12-22  @ 8:53 Female c/o ceilins on her Jacket Countins With NM

1-13-22  Covid test day LT. Hick Mask under Mouth & Nose sitting at table drinking Pop

1-13-22  @ 4:24 Am c/o Iatoo Breakfast entered MyCell 4-A-23 NM Grabbed Breakfast Tray

1-13-22  c/o work mask under nose

1-13-22  @ 7:40 pm sgt. @ cell #24 NM

1-14-22  @ Breakfast c/o & Sgt Mask under Mouth & Nose

1-14-22  @ 11:51 AM c/o placing tissue in Closet Mask under Mouth & Nose all day.

1-14-22  c/o Johnson passed out Mail NM

1-14-22  c/o Johnson Walked 4-A NM · While Walking a Dog - Who have more time out of Cage than IC.

1-15-22  @ 5:23 c/o Johnson NM

1-15-22  @ 9:35 pm c/o Jonnson opened doors taking Count NM

1-16-22  @ 3:05 pm Female c/o took Count NM

1-16-22  @ 4:10 pm Passed out tray · @ 4:25 Collect trays Female c/o NM

1-16-22  @ Female c/o Worked entire 3-11 shift NM · Coughed at me playing at lock up. Nothing Funny.

1-17-22  Covid test day - c/o owens · long board sitting at table taking Names for Covid test - NM -

1-17-22  Spoke To IA Moore & IA LT. Banks both NM

1-17-22  @ 4:23 pm a c/o Walking 4-A NM

1-17-22  @ 8:05 Bottom tier c/o walking with NM - same c/o from 1-4-22

1-18-22  @ Breakfast Tatoo NM

1-18-22  @ 4:54-504 pm LT. O Quendo and a c/o Emphaticlally Stated They Will Not Wear Mask
          I stressed that LT. O Quendo Was the leader - He should set an Example and to LT. Quendo
          .that LT at Centralia lore PPE - He Stated Fuck Centralia - The Doc c/o to me the Gov's
          Executive Order is not Law - We're on Camera By 4-A-23.

1-18-22  c/o From 1-4-22 at 6:01-6:02 pm exit 4-B (Positive Covid with NM) less than one minute
          later entered 4-A NM.

1-19-21  Unit 4-A Moved Do to High Volume positive Cases - I Moved to unit 2-B - No c/o had on
          Their Mask - I refused - Human Waste was all over the Cell - I refused. Sgt Sullivan

1-19-21  Moved to Cell # 52-32 - Window opened - Air coming through Freezing

1-21-21  Spoke to Warden Monti about Freezing Cell - PPE - Monti Stated he receiving plenty of letters about
          PPE - Warned me to stop Writing his staff up and stop makin Constituency Calls - He may
          think about putting me in Grade.

1-25-21  Compliance check more than 10 c/o in 52 including c/o Calvin Pincks NM

1-26-21  @ 8:33 AM c/o A. Davis NM @ cell #33

1-27-21  @ 3:34 pm Sgt. Hutchinson Top Deck Receiving NM

2-2-22   @ 3:33 c/o Miles Walked in my cell passed out Mail · NM

35

106.   NM = No Mask on Cameras

2-2-22   C/o Miles Worked entire 3-11 Shift NM
2-5-22   HCE 7:54 Am pass out Meds NM
2-6-22   @ 6:20 am HCE pass out Meds NM
2-7-22   @ 7:25 am HCE pass out Meds NM
2-7-22   @ 10:45 C/o Hilemann @ Cell #32 NM
2-7-22   Covid Test day No C/o had on Mask Assisting Covid test - Reditus Lab - in Receiving
2-7-22   C/o's NM passing out Shower Shoes
2-8-22   @ 7:52 Am C/o With HCE passing out Meds NM
2-9-22   @ 7AM Sgt. Sullivan, C/o A. Davis and various C/o Compliance Check NM
2-10-22   @ 8:07 C/o With HCE passing out meds - NM
2-10-22   Covid test day @ 8:31 Sgt. Sullivan at Cell 33 NM With Covid test Employees
2-10-22   @ 9:35-9:36 am MHP Kwiatkowski passed papers to Cell #30 & 33 Mask under Face
2-11-22   @ 9:16 am, C/o Hilemann came close to me at Cell #71 Chuck Hole NM
2-12-22   Sgt. Sullivan NM
2-14-22   @ 8:30 am C/o Hilemann touching Covid test tubes open Doors No PPE
2-14-22   @ 9:46 am Sgt. who work 4-A 11 to 7 shift Opening up chuckholes NM - No Staff With Mask
2-14-22   @ 11:41 Sgt. NM locked me in Cell #32 NM
2-15-22   @ 10:06 Am C/o Hilemann Working NM
2-16-22   @ 10:10-10:12 AM C/o's passing out Commissary NM
2-16-22   @ 11:19 Am Sgt. Sullivan Top Deck NM
2-17-22   @ 7:23 AM HCE passing out Meds NM Nor Gloves
2-17-22   @ 7:37am HCE passing out Meds Top Deck NM or Gloves
2-17-22   @ 7:50 AM 2 c/o Covid Test C/o's No PPE With Covid Test Equipment - I originally Refused!
2-17-22   @ 7:56 AM Shows C/o's No PPE With Covid test Equipment Top Deck
2-17-22   @ 8:04-05 am I took Covid test 3 C/o's Standing around me No PPE
2-17-22   @ 9:24 Sgt. Sullivan Bottom Deck NM
2-17-22   @ 5:30 Pm Sgt. Hutchinson & a C/o Both NM Escorting Black HCE passing out meds
2-17-22   @ 5:49 C/o Swalls Top Deck Opening Doors NM
2-18-22   @ Compliance Check - C/o's NM
2-18-22   @ 7:33am HCE Mask Under Mouth and C/o NM
2-18-22   @ 8:05am C/o Hilemann on Bottom Deck NM
2-18-22   @ 8:07-08 AM C/o Top Deck NM
2-18-22   Zoom Court- First time outside in a Month - Numerous Staff & Ic Walking around NM
2-19-22   @ 11:13 - 11:15 AM C/o Pind Mask under Mouth & Nose - Serving Cell 30 a Report For Alcohol
2-19-22   @ 11:13-11:15 am Sgt. John Doe arrive to speak With c/o Pind - Sgt NM

107. Plaintiff, contends that the PPE Violations were observed from his assigned cells (4-A-23) (S2-32) in paragraphs #103-106, meaning the ~~between~~ 15 tiers in housing units 1, 2, 3 and 4 on every shift will reveal PPE Violations in a tidal wave. Yet, Defendant Monti and his administration has failed to prevent the Massive Violations that show clear reported Covid-19 Safety Violations "ON CAMERA."

108. Thus, in a recent case, Just ruled a Class-Action against IDOC - Davis V. Jeffreys, 2021 U.S. Dist Lexis 110558 #3:16-CV-600-MAB, evidence IDOC neglect camera inspections reporting IDOC Employees misconduct, which evidence show that IDOC, Still Practice the same customs, even when reports of Violations that evidence substantial Risk to IC health & Safety.

109. Therefore, Plaintiff has an Injunction Motion requesting the Court to order Defendants to save Data from all SCC Cameras of Stated Dates and times From August 2021 to now on every tier at SCC, For Discovery will definitely Disappear in this matter.

Safety and Sanitation<br>Shawnee's Deteriorating Infrastructure

110. Plaintiff, asserts that I have been Attempting to receive Redress to SCC's deteriorating infrastructure that evidence unsafe and unsanitized conditions, while confining IC (Human Beings) to Excessive - Strenuous lockdowns (Punishments) as a result of IDOC employee's at SCC's reckless behavior(s) and character(s).

111. After Plaintiff's Failed attempt to Exhaust Administrative Remedies ~~and~~ Through 730 ILCS 5/3-8-8 (CC), Submitted "Certified Legal Mail" to Defendant Jeffreys, Plaintiff persist in his request to receive assistance.

37

112. On 9-19-21, Plaintiff sent defendant Jeffreys Correspondence to address the Excessive Punishment(s) through unneccassary lock downs under harsh Conditions of Confinement(s) - I never receive a response from Jeffreys Office, even when housed at SCC (See EX. B)

113. On 9-21-21, I sent Correspondence to Gov. Pritzker via "Certified Legal Mail" detailing: "Scc have many employees (Far Worse than CCC) who disregard Wearing mask even "ON CAMERA," as well as officers who are claiming Covid-19 is Propaganda (seriously)?" SCC is merely Condemned": Holes in Window screens Where windows can't open nor close, vents have decades of dust & Mold, toxic water, tiles ripped out the floor, Cracked and Chip paint on Cell doors and Walls (rust) showers Contain mold and rust with some shower(s) Floor(s) caving in and most officers do not exercise PPE Protections at all "(See EX. B)

114. On 11-8-21, Plaintiff submitted EG # 21-11-102 (Cruel & unusual Punishment-Excessive Punishment), explaining Plaintiff's physical and mental Condition(s) are deteriorating, due to excessive lock downs.

115. On 11-12-21, Defendant Monti denied EG # 21-11-102 requesting that Monti afford us more than 1hr out of 1 day a Week Yard (Recreation) Exercise to assist With mental, physical and medical Conditions and assistance with my mental and physical deteriorating Conditions "PLEASE."

116. On 11-14-21, Plaintiff, submitted EG # 21-11-212; Pursuant to 730 ILCS 5/3-7-3 Safety and Sanitation to Defendants Monti and Jeffreys, informing the officials of SCC "Toxic Water" and how I mistakenly drank a black substance that came out the Sink, the World have a foul taste and Ordor, that the Water Contains a Murky substence.

117. On 11-24-21, CAO Monti Deemed EG # 21-11-212 an Emergency.

118. On 12-2-21, Defendant C/O Johnson Denied Plaintiff's Requested Administrative Remedy - Requesting That Warden Monti provide bottled Water with

~~repeat~~ every meal; That IDPH and officials within IDOC address the Water Crisis
here at SCC; That Individuals in Custody and I are tested for harmful Illnesses
and affects associated with Consuming Poisoned (Toxic) Water and or that I'm
transferred to a facility with safe and sanitized Water (see EX. A)

119. Plaintiff's Consumption of Water is low, where I'm Constantly experiencing
dry mouth from fear of SCC's Water. IC and plaintiff's body is experiencing
difficulties with Kidneys, digestive Health and skin rashes, itching.

120. SCC, use to sell bottled Water, because the history of the toxic
Water. Even SCC Employees are affraid of SCC's Water.

122. There has been a Class of IC Submitting Complaints about SCC's
toxic Water - Yet, no Complaint requesting Administrative Remedies have been
Granted Relief.

123. On 12-1-21, CAO Monti told Plaintiff that he will not order ~~bottled~~
Water nor allow IC to receive Bottled Water from an out-side local
Vendor, For Monti is all about punishing IC, no transparency and path to
receiving fair and equal treatment under Defendant Monti.

124. Thus, in Plaintiff's 9-21-21, Correspondence to Gov. Pritzker - Plaintiff
made Know that Warden Thompson and Monti are responsible for Covid spreading at
CCC, ~~from a party that took place~~ in CCC Administration Building. (SEE EX. B)

125. On 12-31-21, Plaintiff filed EG# 22-1-94, explaining the over-
Whelming Continuing PPE Violations on tier 4-A Everyday/Allday - That Defendant
G/O Kim Johnson admitted in EG# 21-9-316, that she will not Check the Cameras
for staff Conduct at all - I Further addressed SCC Condemned Infrastructure;
How we're locked down all day - An Employee told me that if "Blacks" Vote Republican -
We can get rid of Joe Biden and You guys Won't be locked down.

126. On 1-13-22, CAO Monti, deemed EG# 22-1-94 an Emergency.

127. On 1-26-22, Defendant G/O B. Allard denied EG# 22-1-94 -

addressing the P.P.E violations, the unsafe & unsanitized conditions (See EX. A

128. On 1-19-22, CAO Monti, Ordered the entire Unit-4 (tiers 4-A, 4-B and 4-D) into a positive Covid Case Housing Unit, do to High Volume(s) of Covid Cases spiking all over the facility.

129. Plaintiff was ordered to Move to Unit 2-B-50 - As soon as I moved my Property on 2B and entered Cell #50, The entire cell was filthy with Human feaces (Bio Hazards) all over the floor, toilet, tissue and urine - This cell was horrible (An Animal Shelter will be Charged with Cruelty).

130. Plaintiff refused to move in Cell 2-B-50 - I was instantly hand-Cuffed and taken to A.H, surrounded by Sgt. Sullivan #4429 and 4 other C/o's all with No Mask - With Sullivan asking Plaintiff did I write a Grievance on him? (Intimidation Tactic). I was placed in Cell # 52-32 Where Plaintiff reside now - For - two-days I could not sleep, do to Frezing air Coming through the Window.

131. Two EG's # 22-1-182 & 22-1-183 recording the incidents, once again deemed an emergency by CAO Monti - Still pending (See EX. A)

132. Also, SCC Food is delivered to Housing Units under unsafe & Unsanitized Conditions: There are no food carts to Protect the trays upon deliveries, the Food arrive as the Same temperature(s) as the outside Wheather (Cold), Fold tray with a smell of Mold The C/o's are repeatedly feed well from the officers Kitchen, while IC issued food under Unsanitized Conditions, often Pink Un-Cooked Pattys (meat) and poultry.

133. SCC, over all Conditions of Confinement upon arrival here Evidence: Soil worn out clothing, Sheet with old blood & Human Waste stains, ragedy worn out Mattress to sleep on, No Law Library (with over-Whelming Complaints) - Librarian Staff Ms. Sutton discuss Plaintiff's Complaints (sent for Copies Via Institutional Mail) with C/o's, the HCU (medical care) is poor (over Whelming Complaints), out-going-mail takes 72 hours to leave the facility if the Postage Value is above the 64¢ Pre-stamped envelope (58¢ Value) Sold at SCC's Commissary (IDOC has a ban on U.S. Postage Stamps - discontinued selling U.S. Postal Stamps), the Commissary Sells items

that are to be distribute free for IC via IDOC State wide budget, such as ink pens that are to be distribute for free upon arrival and available for IC housed in RH, the free Composition Note book pads are sold at SCC - NO BAR CODES - for these items; No out-of-cell Exercise time to assist with our mental, physical, Bipolar, Stress nor Pre-existing medical conditions to relieve stress.

134. SCC, house many IC from Chicago, Illinois. Chicago is a city that experience many Hospitilization(s) and deaths from Covid an Violence - Yet, we are Muzzled in Southern, Illinois Minutes away from the State of Kentucky.

135. CAO Monti, is Corrupt- loves and have firm beliefs in Blanket Punishment For IC; The B-Grade & C-Grade Blanket (Stacked) punishments that were temporary suspended by CAO³ in Various IDOC facilities, to reduce Stress and aggrevating factors suffered in relation to the Covid-19 Pandemic - Monti never adapt such as position - CAO Monti DO NOT CARE, Yet, he has managed to receive a Promotion - Plaintiff, have previous experience(s) with Monti From CCC- Monti is a Retalitory Authority Figure.

## Grievance Authorities
## Shawnee Correctional Center

136. Defendant C/o Kim Johnson, who denied every EG requesting administrative remedies, evidence deliberate indifference to enforce rules & Policies **set-in-place** and established for Human Beings - Health & Safety(s) in this complaint, belies Johnson Conspired with C/o⁵ by providing DOC 0063 Forms to security Staff to approach Plaintiff under duress and threat of Retaliation to Cancel EG⁵ #21-10-147 & 21-10-151, that has all but resurfaced (Disappeared).

137. Defendant Johnson took 3 months to investigate and review EG #21-9-376 reporting PPE violations on Camera, then submitted her report asserting - She will not Check the Conduct - provided data to substantiate the truth with recorded dates

~~and~~ and times citing employees deliberate acts.

138. Johnson, acting in the scope of her employment never provided Plaintiff an interview, for complaints - **Repeatedly Deemed Emergencies** - by CAO Monti. Added, evidence in paragraphs #9-13, proves Johnson falsified her report in EG# 21-8-189, that proves - **Plaintiff's original ~~state~~ ID was never returned (See Ex.#1).**

139. G/O Johnson's Conduct in this Complaint, evidence deliberate indifference to Human Beings - Heath & Safety(s), as well as attempts to **Conceal Retaliation(s).**

140. On 1-26-22, Defendant G/O Bob Allard's report in EG# 22-1-94, asserts that Allard will not check SCC Cameras ___ where Plaintiff stated in EG: "The ~~entire~~ Month of December 2021 - **EVERYDAY/ALL DAY** - " Staff have been walking on Unit 4-A disregarding PPE, Proves Allard's deliberate indifference to investigat reported Act recorded Conducts of deliberate acts committed by SCC Staff.

141. Also, Allard's claimed "We (IC) recieve Shampoo and laundry detergent" is in Correct: SCC, provided laundry Soap once on January 15, 2022 (none after nor Before), as well as one Shampoo in December 2021 - meaning from September 2021 (when SCC Commisary Stop Selling Hygiene Products) to February 2022 - SCC - Provided ~~launary~~ Soap once and **Shampoo** once - There' an entire Prison population who can attest to SCC negligence of Safety & Sanitation Violations.

142. Thus, Allard's omissions to investigate PPE = Unsafe & Unsanitized Conditions of confinement(s), While We are subjected to Strenuous lock downs, do to IDOC Employees deliberate acts - spreading Covid to the Prison population at SCC, belies Allard's deliberate indifference acting in the scope of his employment as a G/O ( **Investigating Authority**) at SCC.

<u>Grievance Authorities</u>

<u>Administration Review Board</u>

~~(illegible)~~

143. Pursuant to 730 ILCS 5/3-8-8 (A) Grievances: "The Director **SHALL** establish procedures to review the grievances of Committed persons. The Director may establish one or more administrative review boards within the Department to review grievances. **A committed person's right to file grievances SHALL not be restricted.** Such procedure **SHALL** provide for the review of grievances by a person or persons other than the person or persons directly responsible for the conditions or actions against which the grievances is made.

(C): Such procedures **SHALL Allow Committed Persons to Communicate** grievances **directly to the Director** or some person designated by the **Director outside of the institution or facility** Where the persons is confined.

144. On 8-15-21, Plaintiff sent a Grievance to Director Jeffreys, Pursuant to 730 ILCS 5/3-8-8 (C) (**Illinois Law**) With Correspondence to Jeffreys and the member of the A.R.B, explaining how Plaintiff Was transferred to SCC in Retaliation by Wardens Thompson and Monti - subjecting Plaintiff to a facility that pose **Harsh Conditions of Confinement, Health & safety violations and Employees, disregarding Health & safety(s)** in relations to the Covid Virus (see Ex. A & B).

145. On 9-13-21 & 9-27-21, I received a rejection From Defendant Kilduff, denying Plaintiff an opportunity to receive a hearing before the ARB.

146. Mr. Kilduff, sent back two rejection Form (**Return of Grievance & nd or Correspondence**) titled DOC 0070 Forms.

147. The DOC 0070 Form, Claimed Plaintiff need to send Additional information and a C/O's report (DOC 0047) (See Ex. B) — No Where Do 730 ILCS 5/3-8-8 requires a Grievance to receive a review by the individual the complaint is against. In Fact, 730 ILCS 5/3-8-8, clearly states this is an unacceptable Procedure as cited above. The DOC 0070 form Plaintiff receive on 9-27-21, Claim the 8-14-21 issue has no merit (see Ex. B)

148. On 10-19-21, Plaintiff resubmitted the issues with EG#21-9.03

With Correspondence addressed to Defendant Kilduff, explaining how LT. Hicks

threaten plaintiff an additional complaint dated 10-19-21,

149. Plaintiff explained that he cannot forward a complaint about CAO Monti to

CAO Monti, further explaining LT. Hicks conduct and how IA. LT. Banks

threaten Retaliation if Plaintiff Continue to pursue the issue with Hicks, providing

a witness to the 8-27-21 incident with Hicks.

150. On 11-15-21, Defendant Margaret Madole, rejected Plaintiff's 10-19-21 Complaint

Claiming all issue(s) do not meet DR 504.810, claiming transfer are administrative

decision, ignoring the Grievance is against an administrative official.

151. Also, the 10-19-21 Grievance was sent with the matter addressing LT. Hicks

Conduct in the same envelope - however, the evidence in EX-B Shows Defendant

DeAnna Kink received the complaints on Hicks 10-27-21 and the 10-19-21 letter

and complaint was received by Defendant Madole on 10-26-21, which the ARB

have a pattern, Practice and Customs to denying Complaints no matter the circumstances.

152. On 11-12-21, Plaintiff sent Complaint EG# 21-9-316, with Correspondence

explaining the 9-25-21 complaint and how the Reditus Lab Employees with IDOC Employees

On Camera failing to adhere to Covid-19 safety Protocols.

153. On 12-21-21, Plaintiff receive another DOC 0070 form from Defendant Debbie

Knauer dated 12-6-21 - Simply stating: "Grievance fails to meet DR 504.F - Nothing

marked on the DOC 0070 Form - No explanation, Just a rejection of a complaint

that EVEN Monti deemed an Emergency.

154. Also, EG# 21-9-316 had a Correspondence stating C/o Johnson clearly

Stated She will not Check the Camera for clearly disregards for our health and

safety - I further explained that I sent an EMERGENCY GRIEVANCE

dated 8-14-21 to Director Jeffrey & the ARB explaining Covid will hit

facility and It did and I currently have 5 PPE Violation by staff on camera.

Defendant Kink, still denied plaintiff a hearing - NO Explaination - (See EX-B).

44

155. Plaintiff contends that IDOC's ARB Member(s) are direct enablers of Corruption(s), and censorship of Prisoners trying to seek Justice and redress, which Plaintiff explained to Defendant Jeffreys in a letter dated 10-18-20 (See Ex. C). Thus, WBEZ and Pro Publica Media have an Investigation into IDOC's seriously Flawed Grievance System and Pratices, See EX.-D Attached (Human Rights Defense Center Report).

156. Plaintiff, attached EX-D, that have attorneys, Illinois Legislators, Civil rights organization and a Former Warden confirming IDOC seriously Flawed Grievance Process.

157. Nonetheless, On 12-14-21, I sent Communication with Grievance #21-6764, #21-8-102, #21-9-125, #21-9-174 and #21-8-189 that were all E.G answered late by SCC G/O - Explaining the Reason(s) for delay and letting the ARB know to Contact SCC's Law Clerk Angela Galbraith here at SCC (See EX.-B).

158. Defendant Kink, sent back EG #21-9-125 and EG #21-9-174 reporting Defendant Kwiatkowski's (PPE violations) - Kink Vague and confusing response indicate a G/O's Ruport need to be Provided, No Merit and No Further Redress. However, G/O's Johnson's 11-10-21 Report Marked response to #21-9-125 & 21-9-174, defendant Kink decided No Further redress nor Merit to Complaints Deemed Emergency recording deliberate acts bearing Unreasonable risk to Health & Safetys in relations to Violations of Safety Protocols.

159. Each ARB member cited above are acting in the scope of his or her employement, denying clear constitutional violations, do to the ARB's neglect, Omissions and failure to "Investigate evidence of deliberate inndifference" throus the ARB's Pattern, Practices and Customs that evidence "Failures To Protect" IC (Human Beings) Under the Control and Care of IDOC.

Executive Administrative Authorities

160. On 12-12-21, Plaintiff, sent Correspondence to defendant Walker Who is the AWP (Asst. Warden of Programs) at SCC — I explained to Walker the repeated Covid Safety Violations and how Jane Doe (1-12-22 3-11 Shift) totally disregarded my request to protect our Health & Safety(s), despite my request to Jane Doe to wear a Mask (See Ex. B)

161. As every other request for transparency, defendant Walker ignored my Plea for assistance to help mitigate the spread of Covid, leaving A. Walker Liable for failure to Protect as an Executive official at SCC acting in the scope of her employement as an IDOC official.

162. From July 2021 to January 2022, Plaintiff sent at least 10 letters to CAO Monti, Particularly 8-23-21, 9-1-21 and January 3, 2021 - Regarding the Following: requesting assistance to a Major (Tsunami) of PPE Violations, Family deaths, Flawed "Out-Going-mail" Procedures, Poor HCU, insufficient Law Library, safety & Sanitations, family Sickness & deaths and request to receive a Grade Promotion.

163. Plaintiff Mother (Ms. ~~████████~~) Who suffers from Bipolar Schizophrenic, High Blood Pressure, Diabetis and High Cholestrol as a Senior Citizen, Which Plaintiff has Communicated to Defendants Jeffreys, Monti - Non-Defendants CAO Thompson, Asst. Warden Harris at CCC, Deputy Director Kim Smith and Gov. Pritzker - trying to receive a transfer North, due to plaintiff being the only living Son out of my Mom 4 Boys (3 are deceased) - Plaintiff's Mom Stay in and out the hospital - No IDOC official has respond to Plaintiff's mitigating hardship - Added, Plaintiff Stussle with Bipolar himself.

164. Defendant Monti has deemed over 20 incidents of PPE Violation(s) — "ON CAMERA" as Emergencis, as Well as retaliation(s) and misconduct - Yet, nothing has changed (See Ex. B).

165. On 1-21-22, Plaintiff explained to monti the overwhelming PPE Violation(s) - Monti stated he know and he's receiving a Flood of Complaints ~~from~~ Inmates about "My Staff Not Wearing Mask."

166. On 1-21-22, Plaintiff explained to Monti that I have not received a grade promotion (to A-Grade: Affecting privileges) since arriving to Scc. I showed Monti two hard copy emails Plaintiff Just received - explained I Just had "Two-Family Deaths" in less than - two - weeks.

167. Monti replied: "I'll Check about a Grade promotion as long as non of your tickets were against "My Staff". Monti further prompt Plaintiff; "You can slow down and stop Writing Grievances on "My staff" and making Continuency Calls" - I'll Consider putting You in Grade - Never acknowledging Plaintiff's family deaths from emails.

168. Monti's form of leadership is strickly against IC at all Cost, which any reasonable Inspector and or Regulator allowed to enter SCC and Consult with the Restaents (Human Beings) housed at SCC - Conduct an impartial review of the safety and Sanitation Violations at SCC, the neglect of Constitutional Violations are over-whelming.

169. Monti has not only ignored Plaintiff, the evidence will show once this matter advance (to Discovery), There are Well over-One-hundred-IC Submitting Complaints of Constitutional Violations and Unfair Punitive harsh Conditions - of - Confinement(s).

170. Monti, and Scott Thompson (former CAO at CCC), intentionally had Plaintiff Shipped to SCC (In Retaliation), to Subject me to Inhumane Conditions, Unfair treatments, Censoring family Communications (Attorneys), While not affording Plaintiff an opportunity to restore Plaintiff's privileges (See Ex. B - letter 1-3-22).

171. Not only did Monti and Thompson Consumate and Execute "Retaliation" against Plaintiff. IC - Mr. Kindele # B 5 9215, Was shipped out of CCC to SCC Seven-days-after Plaintiff (on 7-27-21, under the "Same Retaltory" Conditions after filling a Complaint against Thompson.

172. Plaintiff asserts that Monti Was promoted to CAO during the Covid-19 Pandemic - No where in SCC's orientation Manuel (Handbook) do Scc's Manuel reference Procedures, gives directions, nor Guidelines in relation(s) to the Covid-19 Pandemic.

In fact, SCC's Manuel do not afford a Comprehensive, Competent Guide on how to navigate IDOC's Grievance Process, nor Give Definitions to the cited IDR (Disciplinary) Charges cited in the Manuel. For example; 105 Dangerou Disturbance is a Charge that Carry a serious penalty - The Manuel do not give defitions on what Constitutes a Dangerous Distrubance.

173. Nevertheless, Monti has been more concerned with redecting incoming mail that have Pics (photos) that Contain(s) emojis (seriously), While SCC have an Insufficient "Out-Going Mail" Process. Also, Monti have a ban on local media - As Page #23 of SCC's Manuel clearly state: "Local NEWSPAPER ARE NOT ALLOWED".

174. Monti's strenuous, oppressive, punitive lock downs under unsanitized conditions, While denying Administrative Remedies to "Prevent His Staff" From intentionally Walking amongst "Human Beings" housed at SCC spreading Covid, evidence Monti's incompetent, deliberate disregard of "Human Beings" housed at SCC, While acting in the Scope of his employement as an "IDOC Executive Official" allowing "Blatant Constitutional Violations."

175. Defendant Rob Jeffreys, as the Director of IDOC, has failed to establish a Comprehensive and effective system to address legit meritous Complaints Showing clear Constitutional Violations.

176. Since November 2019, Plaintiff has repeatedly sent Communication(s) to Both of Jeffreys's springfield and Chicago office, Seeking transparency through Administrative Remedies in this Complaint and other matters that has all but fallen on deaf ears (See Ex. B & C And Exhibit D).

177. As the head Executive Authority of IDOC, Jeffreys acting in the Scope of his employement failed to properly address a plethora of Constitutional liberties ignored, despite many ~~obligations~~ Citations and consent decrees in Federal Court involving IDOC persistence disregard for Constitutional liberties (See Ex. B & C And D).

<u>48</u>

Illinois Department of Corrections
Pattern Practices Policies And Customs to
Violating Constitutional Liberties

178. Plaintiff draft this complaint alleging Monell Liabilties (Claims) with motions for class Certification, Injunctive Relief and appointment of Counsel.

179. Plaintiff contends IDOC's Pattern, Practices, Policies and Customs ignoring Human Beings (a class of individuals) Constitutional liberties dates back decades — Showing a caste system that remains (undeterred) no matter how many times IDOC has been Sanctioned in federal court(s): Richard Y. Pritzker (Covid-19 Release Vulnerable Prisoners); Basho Y. Jeffreys (Mental Health Care); Holmes Y. Jeffreys (Deaf & Hard of Hearing); Lippert Y. Jeffreys (Medical Care) and Davis Y. Jeffreys (Solitary Confinement).

180. In the Davis case (3:16-cv-600-MAB) USDC SD, IL, the court construed factors in relations to IDOC's Pattern & Practices.

181. Amongst many factors (that all exist apart of SCC's culture) in the Davis case — the court held: "Cell (s) Conditions, cleanliness, cell fixtures and various issues disturbing".

182. Although, Davis address Conditions involving RH (Restricted Housing) — SCC's General Population is the "Poster Child" for all the factors found in Davis in a "Nutshell".

183. Plaintiff's currently sleeping in a cell with (Winter) air blowing through the window while looking out the cell at over — 70 : Ragedy worn out Mattress= awaiting new arrivals (transfers) to enter SCC's to distribute (to sleep on).

184. Once IDOC receive Challenge (s) in Court, only then do IDOC put forth efforts in attempts to "Justify IDOC's omissions and neglect(s) of Constitutional matters" — in hopes the Court(s) will reason the agency's' obvious

neglect(s) and poor handling of Constitutional liberties that fall(s) on "Deaf Ears" prior to arriving in the Court(s).

185. Plaintiff further contends, After the Court(s) Eyes are off of IDOC. The Unconstitutional Practice(s) and Custom(s) Continues, do to "No true Over-Sight" (an outside Party) to ensure constitutional provisions agreed upon in Court(s) are adopted as apart of IDOC's "Culture" - Affording Humane Standard(s) of living that will allow IDOC's Purpose (730 ILCS 5/1-1-2), to Materialized amongst its Prison population.

186. Plaintiff attached Exhibit - D (WBEZ & Pro Publica Investigation) breaking down IDOC's "Caste system" in Different stages > ① Disappearing Grievances, Frustrated Prisoners (P.5); Fear of Retaliation (P.6); and "There's Nobody That We Can Really Go To For Help" (P.8). (See EX.- D).

187. The IDOC as a state government agency, Acts under the color of state law since its insertion, Charged with the custody, Care and Control of Human Beings - that evidence IDOC's Pattern, Practice, Policies and Customs. Faithfully disregarding Civil Rights and U.S. Constitutional liberties.

## Class of Plaintiffs

188. On 8-29-21, Plaintiff Diyonte Calhoun, submitted a EG # 21-8-221 - Reporting: "On 8-13-21, a Memorandum was put into place to "ALL STAFF" from Steven Bowman that clearly States: "All staff are required to wear face Mask regardless of vaccinated Status. It goes on to state non-compliance will result in progressive discipline."

189. In the 8-29-21 EG, Plaintiff Calhoun detailed: "Officer Smith on 3-11pm Shift refuse to follow this Guideline - On 8-27-21 at approximately 6:25pm C/O Smith entered Unit 3-C to escort Med-line without his Mask on. This officer went door to door doing Med-line the whole time without his Mask on- Then

On 8-29-21 officer Smith repeated the same behavior at 6:33 pm Unit 3C. The "Camera Footage" Will prove these incidents. The reason why I'm Writing this Grievance is because 3C has been on Quarantine Since 8-22-21.

190. On 8-31-21, CAO Monti, deemed Plaintiff Calhoun's EG#21-8-221 an Emergency.

191. On 10-19-21, G/o Kim Johnson, denied Plaintiff's Calhoun's EG, seeking Administrative Remedy Relief Requested: "No Retaliation by officer Smith; Progressive disciplined be enforced toward this officer; Have this officer start wearing his mask Cause C/o Smith is putting everyone at risk With his non-Compliance and Check Camera Footage as proof of these Violations. (See EX. E )

192. On 9-12-20, Plaintiff Calhoun submitted a Grievance documenting an officer (John Doe) Work Unit 3-A For 3 weeks Maskless, but the Grievance Respondent Rejected the complaint, do to identity issues (See EX-E), Which Calhoun #2020-9-93 Complaints almost at the begining of the Covid Lockdowns (See EX.E)

193. Plaintiff Calhoun, provided a Declaration as a Self serving sworn testimony as a Plaintiff, Who has been subjected to harsh Conditions of unsafe and sanitized Conditions While being subjective to strenuous lockdowns that evidence Punitive Conditions of Confinement, do to IDOC Employee(s) at SCC reckless disregard Spreading Covid that has resulted in an Excessive Punishment(s) of an entire Prison Population (See EX. E ).

194. Plaintiff Jermaine Murphy, Presented EG # 21-11-206 reporting the Unsafe and Sanitized Conditions ; EG# 21-11-207 reporting the toxic unclean Water here at SCC — each Complaint has existed For months, Which will Undoubtedly be denied.

195. Plaintiff Murphy, presented a self serving sworn testimony attesting to SCC ; Punitive Unsanitized Conditions of Confinement, While SCC's staff disregard Human Beings Health & safteys housed at SCC-Violating Covid safety measures)

While being subjected to punitive Excessive Lockdowns (see Ex. F ).

196. Plaintiff Floyd Parker, contend that he's been housed at SCC, since July 28, 2021. Plaintiff assert that employees disregard PPE & Covid-19 safety protocols, SCC do not promote deep cleaning, nor update(s) of when Covid is detected in Housing units and theres no transparency here at SCC.

197. Parker Further contend that SCC unsafe and sanitized Conditions, while subjecting us to lockdowns well over 24 hours, do to staff spreading Covid here at SCC.

198. Plaintiff Parker asserts that IDOC's transportation office in Springfield sent Parker here from Lawrence Correctional Center (LCC) after Plaintiff was Vaccinated to a facility that had staff showing a strong resistance to Vaccinations, PPE, as well as a Far Worse facility that LCC in regards to sanitized Conditions of Confinement.

199. Plaintiff Parker's self serving sworn testimony attest to the deplorable Conditions here in SCC and declares that Plaintiff want to be included in any Legal Remedies to address the Conditions at SCC (See Ex. G ).

200. Plaintiff LaKethae Robinson, who suffered from Covid Provided an Affidavit (Although not fully draft Properly as Robinson have no knowledge on how to draft affidavit completely states) the following: "Here in SCC there are a total of 85 inmates that are Covid positive. Officers here do not where mask to prevent the spread of Covid, the Officers are careless about the Virus."

201. Plaintiff Robinson affidavit Further states: "I am housed in 4-A and the Covid positive Wing is 4-B - the Officers are alway going to the Covid positive Wing with-out mask and then Come to the non-positive Wing and purposely spread this Virus. Inmates here at Shawnee C.C are housed in their Cells 23½ hours a day, it is impossible for to spread Covid. Covid is being Spreaded by the Officers and there careless ways, they are the only ones that

leave this place everyday and go home or to Clubs and bars. I have witnessed officers being walked out because they where positive of Covid. "All cameras can be viewed to see the truth about Shawnee C.C." I transferred from Lawrence C.C and everyone that came with me are fully Vaccinated and we all were placed on Wings where hardly none of the inmates are Vaccinated. My life has again been put in danger of this virus. Something needs to be done about the careless acts of the officers because they are the only ones that can bring this virus into Shawnee C.C (See Ex-H )

## Count I
### Failure To Protect
#### Deliberate Indifferenc
##### Repeatedly Disregard For Covid-19 Safety Protocols

202. Plaintiffs re-alleges paragraphs 1-201 as if fully restated here.

203. As more fully described in the proceedings paragraphs, the defendants were aware of facts from which inference(s) could be drawn, that their subordinate(s) reckless, malicious and deliberate acts to intentionall spread Covid-19, which defendants had a reasonable opportunity to intervene to prevent defendants named here in deliberate acts, but failed to do so.

204. As a direct and proximate result of defendants omissions and neglects of mitigating measure(s) to spread Covid-19, unfairly Punished the Plaintiffs and an entire Prison Population - Subjecting us to punitive conditions of confinements and unnecessary strenuous lock down(s) in Violation of Plaintiffs 8th and 14th Amendments to Protected Constitutional liberties.

Wherefore, the Plaintiffs, pray for Judgment against Defendants in a fair and Just amount Sufficient for unneccessary Punitive Conditions and order an Injunctive Relief.

Count II

Eigth Amendment Violations

Harsh Conditions of Confinement

205. The Plaintiffs re-alleges paragraphs 1-201 as if fully restated here.

206. As more fully described in the proceeding paragraphs, defendants deprivation(s) of adequate ventilation(s), cell condition(s) and fixtures, sanitation(s), bedding, Hygiene materials, contaiminated (Toxic) water, unsafe/unsanitized food trays transported and complete void of opportunities for out-of-cell exercise, While executing 30 hour lockdowns — only allowing 30 minutes of out-of-cell time for shower(s) or a phone call (shared with other prisoners) as a result of defendants deliberate acts - Are clear violations of the Plaintiffs' and the Prison Population (A-class) housed at SCC 8th Amendment of the U.S. Constitution.

Wherefore, The Plaintiffs' prays for Judgment against defendants in a fair and Just amount sufficient to compensate the Plaintiffs and an Injunction order to address the cruel & Unusual conditions that exist here at SCC.

Count III

Retaliation(s)

First and Fourteenth Amendment Violations

207. The Plaintiffs re-alleges paragraphs 1-201 as if fully restated here.

208. As more fully described in the proceeding paragraphs, defendants continued execution(s) of retaliation(s) against Plaintiff for Plaintiff exercising his 1st and 14th Amendment(s) liberties in seeking redress through Administrative Remedies in regards to Defendants poor handling of the Covid-19 Pandemic as alleged in paragraphs 1-201 — in relations to the conditions alleged in this complaint.

Wherefore, Plaintiff prays for Judgment against defendants in a fair and Just amount Sufficient to Compensate Plaintiffs and an Injunction order to address the continued Retaliation(s).

## Count IV
## Monell Liabilities

209. The Plaintiffs re-alleges paragraphs 1-201 as if fully restated here

210. As more fully described in the proceeding paragraphs, defendants Pattern Practices, Policies and Customs to repeated Constitutional Violations involving Conditions of Confinement(s), despite Continued Court(s) Sanction(s) and or Consent decree(s), evidence a Continued enterprise of Violating Civil Rights.

Wherefore, The Plaintiffs prays for Judgment against defendants In a fair and Just amount Sufficient to Compensate Plaintiffs and an Injunction Order to address the "Caste System" of Continued Civil Rights Violations.

## Count V
## Conspiracy
## Conspiring To Violate Civil Rights of
## The U.S. Constitution

211. The Plaintiffs re-alleges paragraphs 1-201 (i.e Paragraphs 103, 104, 105 and 106) as if fully restated here.

212. As more fully described in the Proceeding paragraphs, defendants Who are Prison Guards (Primary duty is to Protect the Health(s) & Safety(s) of Human Beings Housed in their Custody) are Under Gov. Pritzker's Executive Orders, IDOC direct Orders through & Bulletins; Memorandum(s); Verbal Orders; Roll Calls', every IDOC

Correctional facility announcements over radio communication(s) and IPPH Guidelines to strickly enforce Covid-19 Safety Protocols amongst themselves and especially amongst the housed Prison Population(s) - Defendant have been and currently Conducting "Compliance Checks" "ON CAMERA" faithfully "IN Crowds" - Nearly every Defendant (IDOC Employee) disregarding Health & Safety Protocol Guidelines while Opening doors, even Walking in cells disregarding PPE - As an Understanding amongst every employee to neglect safety Guidelines while Comitting malicious, reckless and deliberate acts to Spread Covid-19.

   Wherefore, The Plaintiffs prays for Judgment against defendants in a fair and Just amount sufficient to Compensate Plaintiffs and an Injunction order to discontinue defendant(s) Conspired deliberate acts intentionally spreading Covid.

## Request For Relief

   Wherefore, The Plaintiff's' prays for Judgment against Defendants Correctional Guards, Sergent(s), Lieutenant(s), Health Care/Mental Health Employees, Grievance(s) Authorities, Executive Authorities and Defendant IDOC in a fair and Just amount sufficient to Compensate Plaintiff's' Constitutional liberties suffered, as well as such Other relief Just and equitable

   Jury Trial Demanded

Dated: February 27, 2022
Respectfully Submitted,

*W. Thomps*

Walter Thompson #B05177
Shawnee Correctional Center
6665 Stak Rte 146 East
Vienna, Illinois 62995

United States District Court
Southern District of Illinois

Walter Thompson, et, al
Plaintiff

v.                                                    Case No.

Illinois Department of Corrections, et, al
Defendants

## Certificate of Service

I, Walter Thompson, hereby Certify that On February 27, 2022, I submitted through Institutional Mail at Shawnee Correctional Center - "Certified Return Legal Mail" - The Fore Going > Federal Civil 1983 Complaint, With Exhibits # 1, A, B, C, D, E, F, G & H, Motion For Class Certification; Motion For Injunction Relief and Motion For Counsel to the following Individual:

Clerk of The Court
United States District Court
Southern District of Illinois
750 Missouri Ave
East St. Louis, Illinois 62201

Via Certified Return Mail - U.S. Postal at 6665 State Rte 146 East, Vienna, Illinois 62995, On February 27, 2022, With Proper Paid Postage.

W. Thompson
Walter Thompson

"Legal Mail "

Clerk of The Court
United States District Court
Southern District of Illinois
750 Missouri Avenue
East St. Louis, Illinois 62201

MAIL CLEARED
US MARSHALS

7021 2720 0002 6779 0716

"Legal Mail "



US POSTAGE
ZIP 62995
02 4W
0000372734-FEB 28
$ 016



RECEIVED

MAR ~ 4 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

LEGAL MAIL