IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WALTER THOMPSON, FLOYD PARKER, JERMAINE MURPHY, LAKETHAE ROBINSON, DIVONTE CALHOUN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 22-cv-438-NJR |
| vs. | ) ) | |
| | ) | |
| ROB JEFFREYS, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court *sua sponte* for case management. On March 4, 2022, Plaintiffs Walter Thompson, Floyd Parker, LaKethae Robinson, Jermaine Murphy, and DiVonte Calhoun, all inmates of the Illinois Department of Corrections ("IDOC") who are currently incarcerated at Shawnee Correctional Center ("Shawnee"), filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 against various IDOC employees for constitutional violations. Although purported to be a Complaint filed on behalf of all Plaintiffs, only Thompson signed the Complaint (Doc. 1, pp. 57-58). The Complaint also appears to be written by Thompson and contains detailed allegations of his conditions at Shawnee and his complaints regarding various individuals at Shawnee (*Id.* at pp. 13-51). The Complaint only mentions Plaintiffs Calhoun, Murphy, Robinson, and Parker in the last few pages and identifies the grievance they submitted about the conditions at Shawnee (Doc. 1, pp. 51-54). In addition to the Complaint, there are also pending motions for copies (Doc. 2), class action

1

status (Doc. 3), counsel (Doc. 4), and preliminary injunction (Doc. 5). The motions only contain Thompson's signature. Under the circumstances, the Court deems it necessary to address several preliminary matters before completing a review of this case pursuant to 28 U.S.C. § 1915A.

### Signatures

As previously stated, only Thompson signed the Complaint and all of the pending motions. Federal Rule of Civil Procedure 11 requires that every pleading be signed by the parties. None of the Plaintiffs have signed the pleadings nor have they submitted a filing fee or requested to proceed *in forma pauperis* ("IFP"). Because the other Plaintiffs have not complied with Federal Rule of Civil Procedure 11, or even seek to proceed as Plaintiffs in this case, the Court **ORDERS** Plaintiffs Calhoun, Murphy, Robinson, and Parker to submit signed Complaints, as well as the full filling fee or IFP motion, or risk dismissal from this action.

### Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they desire. However, the Court must advise them of the consequences of proceeding in this manner (including their filing fee obligations) and give them an opportunity to withdraw from the case or sever their claims into individual actions.

The Seventh Circuit addressed the difficulties in administering group prisoner Complaints in *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). District courts are required to accept joint Complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will

arise in the action." That said, a district court may turn to other rules of civil procedure to manage a multi-plaintiff case. For example, if appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

Additionally, in reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

There are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are two plaintiffs, the plaintiffs' postage and copying costs for filing motions, briefs, or other papers will be twice as much as that of a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. On the other hand, a prisoner litigating jointly assumes those risks for all of the claims in the group Complaint, whether or not they concern him personally. Also, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases, each of which involves

3

an additional filing fee obligation and the risk of a "strike" within the meaning of 28 U.S.C.

§ 1915(g). Plaintiffs should consider *Boriboune* and the factors discussed above in determining

whether to assume the risks of group litigation.

Because not every prisoner is likely to be aware of the potential negative consequences

of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that

district courts alert prisoners to the individual payment requirement, as well as the other

risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to

drop out." *Id.* at 856. In keeping with this suggestion, the Court offers Plaintiffs Calhoun,

Murphy, Robinson, and Parker an opportunity to withdraw from this litigation before the

case progresses further.[1] Each Plaintiff may wish to take into consideration the following

points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- If, at the time of filing, Plaintiff was a "prisoner" pursuant to 28 U.S.C. § 1915(h), he will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he may be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group Complaint, he will be required to pay a full filing fee, either in

---

[1] Plaintiff Thompson, who the Court designates the "lead" Plaintiff in this case as he is the only Plaintiff who signed the Complaint, is not afforded such an opportunity.

installments or in full, depending on whether he qualifies for indigent status under Sections 1915(b) or (g).[2]

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each plaintiff. A non-attorney cannot file or sign papers for another litigant, and as long as the plaintiffs appear without counsel in this action, each plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); Fed. R. Civ. P. 11. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

## Pending Motions

Plaintiff Thompson has filed several pending motions with the Complaint including a motion for copies (Doc. 2), motion for class action (Doc. 3), motion to appoint counsel (Doc. 4), and motion for preliminary injunction (Doc. 5). As to the motion for copies, Thompson asks for a copy of his Complaint (which is 58 pages in length) and copies of his pending motions. Thompson is required to keep copies of his own filings—the Court does not provide free copies of filings. Thompson notes that he believes library staff make extra copies of his filings and distribute them to employees, so he does not want to pursue copies through the normal channels. He offers no evidence to support this allegation, nor does he indicate that he is unable to afford copies. If Thompson wishes to obtain copies of his filings,

---

[2] The filing fee for a civil case has increased to $402.00, by the addition of a $52.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the $52.00 fee and must pay a total fee of $350.00.

he can purchase them from the Clerk's Office at the standard copying rate. His motion for copies is **DENIED**.

As to his motion for class action certification (Doc. 3), Thompson fails to meet the standard for class action status at this time. Before a Court can certify a class action, the party seeking certification must show: (1) joinder of all members of the class is impracticable due the number of potential claimants; (2) common questions of law and fact; (3) that the representative parties have typical claims and defenses as to the proposed class as a whole; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Thompson fails to even address these issues in his motion. Based on the record before the Court, it cannot determine that class certification would be appropriate at this time. Thus, the motion for class certification (Doc. 3) is **DENIED**.

As to Thompson's motion for preliminary injunction (Doc. 5), his motion includes a list of conditions he takes issue with at Shawnee, including toxic water, heavy mold, issues with the air quality, sewage, and conditions of the cell. He also takes issue with the Defendants' Covid-19 protocols. His motion includes a list of requested relief, including adequate drinking water, cleaning supplies, out-of-cell time, updates on Covid-19 protocols, and the preservation of camera footage. Although Thompson states the conditions he faces and relief he seeks, he has not shown that he is entitled to a preliminary injunction at this time. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012) ("the moving party must demonstrate a reasonable likelihood of success on the merits, no adequate remedy at law, and irreparable harm absent the injunction"). Thus, his request for a preliminary injunction is **DENIED without prejudice**. If Plaintiffs believe they are entitled to a preliminary injunction, they may file a motion indicating how they meet the

elements for a preliminary injunction to issue. Plaintiffs are reminded that all future motions must be signed by all of the Plaintiffs or the documents will be stricken.

As to the pending motion for counsel (Doc. 4), the Court reserves ruling on this motion until such time as a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A is conducted. Review of the Complaint will not be completed until all Plaintiffs have submitted signed Complaints. Further, Plaintiffs must either pay the full filing fee or submit motions to proceed without prepayment of fees (*See* Doc. 6).

## Disposition

For the reasons stated above, it is **ORDERED** that all Plaintiffs, except Thompson, shall advise the Court in writing on or before **April 6, 2022**, whether they wish to continue as a plaintiff in this group action. If, by that deadline, Plaintiffs have not advised the Court that they wish to participate in this action, they will be dismissed from the lawsuit and will not be charged a filing fee for this action. In other words, Plaintiffs need only take action if they wish to continue as a plaintiff in this group action. They shall also file a signed Complaint by **April 6, 2022**. Failure to file a signed Complaint will also result in their dismissal from this case.

If, on the other hand, a plaintiff wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing by **April 6, 2022**. That plaintiff's claims shall then be severed into a new action where a filing fee will be assessed in lieu of a filing fee in this case.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. Further action by Plaintiffs is required before the Court can complete its preliminary review

of this matter under 28 U.S.C. § 1915A. When this review is completed, a copy of the Court's

screening order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to

keep the Clerk of Court and each opposing party informed of any change in his address; the

Court will not independently investigate a Plaintiff's whereabouts. This shall be done in

writing and not later than **7 days** after a transfer or other change in address occurs. Failure to

comply with this order will cause a delay in the transmission of court documents and may

result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to send a copy of this order to each Plaintiff.

**IT IS SO ORDERED.**

**DATED:  March 9, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

8