IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-438-NJR |
| ) | |
| ROB JEFFREYS, DANIEL MONTI, A. ) | |
| WALKER, LT. HICKS, O QUENDO, ) | |
| LT. JOHNSON, LT. DUNNING, LT. ) | |
| BROWNING, LT. BANKS, SGT. ) | |
| SULLIVAN, SGT. SAMS, C/O HORN, ) | |
| SGT. HUTCHINSON, PINDS, C/O ) | |
| MOORE, CASSANDRA ) | |
| KWIATKOWSKI, JANE DOES #1-3 ) | |
| NURSES, NURSE HILLARY, KIM ) | |
| JOHNSON, B. ALLARD, RYAN A. ) | |
| KILDUFF, DEANNA KINK, ) | |
| MARGARET MADOLE, DEBBIE ) | |
| KNAUER, C/O SCHLATMAN, C/O ) | |
| JESSE, C/O HALL, JOHN DOES #1-3, ) | |
| C/O MILES, C/O WOODWARD, R. ) | |
| HILEMANN, C/O SPARKS, C/O ) | |
| WHITE, C/O BRIM, and A. DAVIS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Walter Thompson,[1] an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at

---

[1] Thompson initially filed his Complaint on behalf of himself and several other individuals (Doc. 1). Those additional Plaintiffs sought dismissal from the case, leaving only Thompson as a plaintiff (Docs. 13 and 20).

1

Shawnee Correctional Center. In the Complaint, Thompson alleges various constitutional violations by a number of employees at Shawnee. He seeks monetary and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

Thompson's Complaint is lengthy, totaling 237 pages with exhibits. His statement of claim is approximately 46 pages. He includes and describes every grievance he wrote while at Shawnee. The grievances dealt with a variety of issues including: retaliation, PREA complaints against other inmates, threats from correctional officers, cell and prison conditions, and employee violations of Personal Protective Equipment ("PPE") requirements.

Although he complains about a number of unrelated issues, Thompson's Complaint mainly focuses on what he alleges are unsafe, unsanitary, and harsh conditions at Shawnee, mostly during the Covid-19 lockdowns. Thompson states that the employees at Shawnee were intentional and reckless in spreading the virus and that IDOC never disciplined the numerous employees who disregarded Covid safety

protocols (*Id*. at p. 11). Ninety percent of the Shawnee employees disregarded facial protection requirements (*Id*. at p. 12).

He sent grievances as well as letters to Monti, Walker, Jeffreys, and the ARB (*Id*. at p. 12). Specifically, on August 14, 2021, he sent a grievance to Jeffreys stating that he was transferred to Shawnee due to retaliation and that none of the employees at Shawnee wore personal protective equipment ("PPE") (*Id*. at p. 13). Because of the failure to follow health and safety guidelines, on August 22, 2021, the prison was put on lockdown due to the spread of Covid-19 (*Id*.). Thompson was confined to his cell for 23 ½ hours the first day and over 30 hours over the following days (*Id*.). Thompson only received 30 minutes of dayroom time (*Id*. at pp. 13-14). Staff continued to operate without masks, passing out food trays and opening cell doors. Kilduff denied his grievance (*Id*. at p. 13). Thompson wrote a letter to Monti about the PPE violations, but he did not respond (*Id*. at p. 14). Thompson wrote additional letters and grievances about the PPE violations, but his grievances were denied by Monti, Kim Johnson, Hughes, and Jeffreys (*Id*. at pp. 14-27, 31-32, 33-36, 38, 40). Thompson believes that he has experienced numerous incidents of retaliation as a result of his grievances and that guards at Shawnee do not like him (*Id*. at p. 19). He identifies a number of incidents he believes were caused due to retaliation for writing grievances (*Id*. at pp. 14-15, 19, 24, 31, 41).

Thompson saw a number of individuals failing to wear a mask; he has included everyone he saw without proper protective equipment as a defendant in his Complaint (*Id*. at pp. 28-31). Defendants refused to follow the PPE guidelines set out by Governor Pritzker and Director Jeffreys (*Id*. at p. 17). Thompson also never received information on

when his cell was supposed to receive their 30-minute dayroom time, when and where to wear facial protection, when the quarantine would be lifted, or the number of inmates infected with Covid-19 (*Id*. at p. 18). Thompson believes that inmates should have been provided more information on the rules and regulations for Covid-19 procedures at the prison.

## Discussion

There are a number of issues with Thompson's Complaint. Simply put, the Complaint violates Federal Rule of Civil Procedure 8. Rule 8(a) requires a complaint to set forth "a short and plain statement of [Plaintiff's claim(s)] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) requires "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thompson's Complaint is far from concise. He identifies every individual he saw at Shawnee without proper PPE from July 2021 until February 19, 2022 (Doc. 1, pp. 33-36). The number of Defendants he attempts to bring suit against is approximately 40. In addition to the allegations about the conditions and events which occurred at Shawnee, he also describes numerous grievances he wrote, the responses he received, and the retaliation he believes he experienced because he wrote the grievances.

Although most of the allegations deal with the prison's handling of the Covid-19 outbreak, a number of his allegations appear to be unrelated. This violates the rules of joinder under Federal Rules of Civil Procedure 18 through 20. The claims cannot proceed

4

together in one lawsuit. *See* Fed. R. Civ. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (A "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). Although the Court could exercise its authority to sever the unrelated claims into several different lawsuits, that action may result in a surplus of filing fees and potential strikes under 28 U.S.C. § 1915(g). *See George*, 507 F.3d at 607; *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Additionally, a number of Thompson's potential claims would be subject to dismissal for failure to state a claim. The main focus of his Complaint, the alleged failure of Shawnee staff to wear proper PPE according to Illinois Governor Pritzker's directives and mandates, does not state a claim (Doc. 1, pp. 54, 56). Although the deliberate indifference to an inmate's serious medical needs is actionable under Section 1983, Thompson alleges a violation of a state mandate, which does not state a claim. *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). He also takes issue with the denial of a number of his grievances and identifies grievance officials as defendants. But grievance officials are not liable for simply denying Thompson's grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

Thompson also seeks to allege conspiracy claims against Defendants for failing to wear PPE. But to present a claim for a conspiracy, a plaintiff must "demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police*

*Dep't*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (citation omitted). But other than merely stating there was an agreement to neglect safety guidelines for combating Covid-19, he offers no factual allegations to set forth a conspiracy claim.

Accordingly, Thompson's Complaint is **DISMISSED without prejudice**. Thompson will have an opportunity to file a First Amended Complaint if he wishes to pursue any of his claims in this action. If he chooses to do so, Thompson must comply with the instructions and deadlines set forth in the below disposition. He is reminded that should he continue to pursue unrelated claims, those claims will be subject to severance into new cases subject to additional filing fees.

## Pending Motions

As to Thompson's motion for counsel (Doc. 4), he states that he has written several law firms that have declined to take his case. He also states that he suffers from depression and that recent stress has made his mental health difficult. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel …

6

cannot be gauged.").² Further, counsel is not needed at this time because Defendants have not yet been served and a discovery schedule has not been entered. Thus, Thompson's motion for counsel (Doc. 4) is **DENIED**. He may renew his request for counsel at a later date.

Thompson has also filed a motion for clarification (Doc. 14). His motion indicates that his co-Plaintiffs, who have since been dismissed, are having difficulties obtaining copies, and he is having issues with the library staff. As to the issue with copies, the Court notes that Thompson's co-Plaintiffs have all requested to be dismissed as parties to the case. Further, Thompson is responsible for keeping copies of his own filings. The Court will not provide Thompson with courtesy copies, although he can obtain copies from the Court at the standard copying rate. To the extent he takes issue with any actions of library staff, those claims are unrelated to the claims in his current lawsuit. To pursue those claims, he would have to file a new lawsuit after first exhausting his administrative remedies. His motion for clarification (Doc. 14) is **DENIED**.

Finally, Thompson has filed a motion for hearing (Doc. 18). This motion also contains new allegations which occurred after the filing of his Complaint. He alleges that he was subjected to a recent transfer. He refused the transfer and asked to be placed on crisis watch. He was later attacked by several officers before being transferred to Pinckneyville Correctional Center. He alleges during the transport he was warned by an

---

² In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

officer not to file grievances while at Pinckneyville. He believes that the transfer occurred in retaliation for fling his Complaint. He does not want to be at Pinckneyville because his cousin died there. To the extent Thompson seeks a hearing on these recent events, these are new claims which occurred after the filing of his lawsuit. To pursue these claims, he would need to file a new lawsuit after first exhausting his administrative remedies. His motion for hearing (Doc. 18) is **DENIED**.

## Disposition

For the reasons stated above, Thompson's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **May 25, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Thompson's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Thompson must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Thompson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Thompson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  April 27, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**