IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WALTER THOMPSON,** | |
| **Plaintiff,** | |
| v. | Case No. 22-cv-438-NJR |
| **ROB JEFFREYS,** *et al.*, | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Walter Thompson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Shawnee Correctional Center. Thompson originally filed his Complaint on behalf of himself and several other individuals. Those individuals sought dismissal from the case, leaving only Thompson. On April 27, 2022, the Court dismissed his Complaint because it violated Federal Rule of Civil Procedure 8 (Doc. 21, p. 4). His Complaint also violated the rules of joinder because he tried to proceed on unrelated claims (*Id*. at p. 5). A number of his proposed claims also failed to state a claim (*Id*.).

Thompson was granted leave to file an Amended Complaint. He asked for additional time to amend his pleadings (Docs. 24-27). But instead of filing an Amended Complaint, he filed the pending motion to reconsider (Doc. 28). He asks the Court to reconsider its dismissal of the original Complaint as well as his request for counsel. He

goes through each count of his original Complaint explaining how he believes he did state a claim for each alleged constitutional violation.

Thompson's motion to reconsider is automatically considered as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

Here, the Court dismissed Thompson's Complaint on April 27, 2022, and Thompson did not file his motion to reconsider until August 19, 2022. Thus, the motion is filed 28 days after the Order and is construed automatically as a Rule 60(b) motion. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell,* 51 F.3d at 749; *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000).

Simply put, Thompson's motion to reconsider fails to meet the standard of Rule 60(b). Instead, he rehashes allegations already raised in his original Complaint. He merely restates allegations in his original Complaint and seeks to explain why each count should have proceeded past merits review. But the problem with Thompson's Complaint was not that each count failed to state a claim (although the Court noted that some might not state a claim); rather Thompson's Complaint was dismissed because he tried to include too many claims in one Complaint. His Complaint violated Federal Rule of Civil Procedure 8. Rule 8(a) requires a complaint to set forth "a short and plain statement of [Plaintiff's claim(s)] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) requires "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

But Thompson's Complaint was not concise. He sought to bring claims against any individual at Shawnee that he saw without proper PPE. He attempted to sue 40 individuals for various alleged violations, including the infrastructure of the prison,

sanitation issues, conditions of cells, officials' response to Covid-19, issues with water, and various acts of retaliation. The Court noted that he could not bring unrelated claims together in one lawsuit and that he would need to file an Amended Complaint that stated only related claims. He fails to identify anything that would justify reconsideration under Rule 60(b).

In the alternative, Thompson requests that the Court assign him counsel in order to draft an Amended Complaint. But after reviewing his motion to reconsider, the Court finds that he is clearly capable of explaining his claims in a legible and articulate manner. The Court further finds him capable of paring down his allegations in order to submit an Amended Complaint that does not violate Rule 8.

Accordingly, the Court **DENIES** Thompson's motion to reconsider (Doc. 28). Thompson shall have until **December 30, 2022,** to submit an Amended Complaint. Failure to file an Amended Complaint will result in the dismissal of his claims.

**IT IS SO ORDERED.**

DATED:   November 29, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**