IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-438-NJR |
| ) | |
| ) | |
| ROB JEFFREYS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On March 4, 2022, Plaintiff Walter Thompson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights while at Shawnee Correctional Center. The Complaint was originally filed on behalf of himself and several other individuals, but those additional plaintiffs sought dismissal from the case, leaving only Thompson as a plaintiff (Docs. 13, 20). On April 27, 2022, the Court dismissed his Complaint without prejudice because it violated Federal Rule of Civil Procedure 8 (Doc. 21).

Thompson was initially granted leave until May 25, 2022 to file an Amended Complaint (Doc. 21). He was granted two extensions of time to file his Amended Complaint (Docs. 25, 27). Instead, he filed a motion to reconsider the Court's initial dismissal (Doc. 28). The Court denied his motion to reconsider and granted him an

1

additional extension to file his Amended Complaint (Doc. 29). The Amended Complaint was due December 30, 2022 (Doc. 29). On December 30, 2022, Thompson filed a motion to clarify (Doc. 30), seeking clarification as what claims he should allege in his Amended Complaint. The Court denied the motion, noting that the Court's previous Order dismissing his Complaint set forth guidance as to the many claims alleged in his Complaint (Doc. 31). Thompson failed to file an Amended Complaint after the Court's denial, and he did not seek a further extension of time.

The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice** based on Thompson's failure to comply with the Court's Order to file an Amended Complaint and failure to prosecute his claims. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Thompson wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. 4(a)(1)(A). If Thompson does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than

twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: April 20, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**